No. 2766.—STATE OF LOUISIANA, ex rel. A. KEARNY, *v.* THE CLERK OF THE SEVENTH DISTRICT COURT, Parish of Orleans.

A defendant who has taken a suspensive appeal from a judgment against him, and given bond, is not required to pay to the clerk of the lower court his fees for preparing the transcript before he can require the latter to deliver it. In such a case, the clerk who refuses will, on application to the Supreme Court, be compelled by mandamus to deliver the transcript, and pay the costs of the writ.

APPLICATION for Writ of Mandamus. *George L. Bright*, for relator. *Hornor & Benedict*, for A. D. Bernoudy, clerk, respondent.

HOWE, J. The question presented in this case is, whether a defendant, who has given a bond for a suspensive appeal, must pay the clerk of the lower court his fees for preparing the transcript before he can require the latter to deliver it.

The clerk who refuses to deliver the transcript, cites as authority the cases of State *v.* Behrens, 17 An. 67, and State *v.* Phelps, 6 R. 308, but we do not find them in point. In both those cases, as will appear, in the former by the report, and in the latter by the records of the court, it was the plaintiff who appealed, and it was correctly decided that the fact that he had furnished an appeal bond did not dispense him from the further obligation imposed by law of furnishing to the clerk of the lower court security for eventual costs. But there is no obligation imposed on a defendant to furnish the clerk with preliminary security. And still less do we find any requirement that a defendant should pay the fees demanded in this case.

In the unreported case of State *v.* Scully (Opinion Book No. 25, 122) a decision entirely in point, since the clerk in that case withheld the transcript, in order to coerce the payment of his costs, the court said:

"The article 585 of the Code of the Practice provides that, after the appeal has been allowed, and the security given, the clerk of the court from whose judgment the appeal is taken shall make a transcript of all the proceedings, as well as of all documents filed in the suit, and annex to the same the petition of appeal, in order that the same may be delivered to the appellant when demanded. The prerequisite of a bond, with surety, contemplated by this article, has been complied with. There are other statutory provisions which give clerks of court prompt remedies for the collection of costs, but we are aware of none authorizing them to coerce payment by the mode the clerk has adopted in the present case."

Being of opinion that the applicant is entitled to the relief prayed for, it is ordered that the mandamus heretofore issued herein be made peremptory, and that the respondent deliver forthwith to the relator the transcript of appeal mentioned in the petition, and that the respondent pay the costs of this proceeding.