No. 2976.—THE STATE OF LOUISIANA, ex rel. A. & X. BERNARD, v. THE CLERK OF THE SIXTH DISTRICT COURT OF NEW ORLEANS.

Clerks of district courts are not permitted to demand the fees from the defendant for making a transcript of appeal in a case where judgment has been given in favor of the plaintiff and the defendant appeals.

The act of 1870, page 161, which regulates the fees of clerks for making transcripts of appeals and authorizes them, upon complying with certain formalities, to issue execution against the principal and security for costs, has reference only to the party filing the suit, and applies to all costs to which clerks of district courts are entitled.

APPLICATION for a Writ of Mandamus. *Sambola & Ducros,* for relators. *William Woelper,* Clerk, respondent.

TALIAFERRO, J. The petition of the relators sets forth that a judgment having been rendered against them as defendants in a suit instituted in the Sixth District Court of New Orleans by E. T. Parker, they applied for and obtained from that court an order granting them a suspensive appeal and filed a sufficient bond in conformity with law ; that the transcript of appeal was made out in due time and has been for some time ready, but that the clerk of the court refuses to deliver the same to them unless the costs for making out the transcript be first paid by the relators, who are thus deprived of their right to prosecute the appeal taken by them

In answer to the rule served upon the defendant to show cause, he proceeds at some length to state the practice of the clerks of all the

State, ex rel. A. & X. Bernard, v. Clerk of Sixth District Court.

courts of New Orleans to look to parties who order copies for any purpose for the costs of such copies, and to detail the reasons upon which that practice is founded.   We are referred to no law which authorizes clerks of district courts to claim the costs of transcripts of appeal in advance from defendants who appeal from judgments rendered against them.   We have not to consider the propriety or impropriety of the custom which the defendant refers to, but rather to be governed by what seems to be the meaning and purport of the enactments of the Legislature on the subject of clerk's fees.   The act passed at the regular session of 1870, found at page 161, entitled " An Act to regulate the costs of clerks, sheriffs, recorders and notaries public throughout the State of Louisiana," etc., prescribes the fees of district clerks for making transcripts of appeal, and authorizes them, upon complying with certain formalities, to issue execution against the principal and security for costs.   This obviously has reference to the party filing the suit and applies to any and all costs to which the clerks of district courts are entitled.   We find no sufficient reason to depart from the ruling in the case of the State, ex rel. A. Kearny, v. The Clerk of the Seventh District Court of New Orleans, decided in May last.

It is therefore ordered that the rule be made absolute, the defendant paying costs.

Mr. Chief Justice Ludeling and Mr. Justice Wyly absent.