No. 989

First Circuit

———

**BURNETT ET AL. v. JOHNSTON ET AL.**

———

(March 8, 1932. Opinion and Decree.)

———

William C. Carruth, of Baton Rouge, pro se, for respondent.

Daspit & Huckabay, of Baton Rouge, attorneys for plaintiff.

Johnson & Kantrow, of Baton Rouge, attorneys for defendant, applicant.

PER CURIAM. In this case, the plaintiff brought a personal injury suit claiming of the defendants, Francis L. Johnston and Hartford Indemnity Company, damages on account of personal injury.

The defendants appeared and attacked the constitutionality of Act No. 55 of 1930, under which the plaintiff had brought them into court. The lower court acting on the attack overruled the contention of the defendant and held that the act was constitutional. After the court had thus ruled, the defendant further appeared and prayed that the plaintiff be required to give bond for costs under Act No. 111 of 1926. The plaintiff resisted, and the court held that the request for such bond had come too late under the letter of the law in question.

The defendant then alleging that there was no appeal that they could take from the ruling that would give them adequate relief, and that they were irreparably injured by the ruling, applied to this court for writs of mandamus and certiorari to compel the court to require the plaintiff to give bond for costs under Act No. 111 of 1926.

Alternative writs issued as prayed for. The respondent judge for return denies that this court has authority to issue the writs prayed for, and, further answering, returns that his ruling was correct and that the writs prayed for should be denied.

As the case, under the Constitution of this state, would be appealed to this court, in case an appeal is taken, it is our opinion that we have jurisdiction, but we agree with the respondent judge that his ruling was correct. The law, Act No. 111 of 1926, section 1, provides:

"That the defendant before pleading in all cases * * * may by motion demand and require the plaintiff * * * to give security for the cost in such case," etc.

The defendant had, by pleading, attacked the constitutionality of the law under which the plaintiff had brought them into court. This was a pleading within the sense and meaning of Act No. 111 of 1926. The lower court overruled their plea to the constitutionality, and defendants then applied to the court under Act No. 111 of 1926 to require bond for costs. The court properly held that this request came too late.

For these reasons the alternative writ heretofore issued is now recalled and set aside and the prayer for mandamus and certiorari is refused at relator's cost.