STATE ex rel. LEVEE v. CARRUTH, District Judge.

No. 1234.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

Claiborne, Claiborne & Shepard, of New Roads, for applicant.

Fred. G. Benton, of Baton Rouge, for respondent.

ELLIOTT, Judge.

On petition of the state, on the relation of Lucius P. Levee, a rule was issued in this case to the judge of the Eighteenth judicial district court, in and for the parish of Pointe Coupee, ordering him to show cause why writs of mandamus, prohibition, and certiorari should not issue to him as prayed for.

The relator avers, and the record shows, that he is the defendant in a suit in which Putnam & Norman, Inc., claim of him $641.22 on an account.

The demand of the plaintiff was put at issue; the defendant Levee praying for trial by jury. The court granted his prayer and fixed the bond to be given by the defendant for the jury costs at $200. This bond was given, and on May 25, 1933, a trial was had before a jury and resulted in a mistrial, which was duly entered May 26, 1933. On June 8, 1933, the plaintiff Putnam & Norman, Inc., by its counsel, was permitted by the court to fix the case for a second trial to take place on June 22, 1933, at 10 o'clock a. m.

The relator appeared on June 9, 1933, and moved the court to set the assignment aside, on the ground that he was not present in person nor by counsel when the case was fixed for trial on June 8, 1933; that there had been only one trial by jury; that, defendant having been granted a trial by jury, and having posted bond for jury costs as the law requires, and no provision having been made at the time of this second assignment for the drawing and impaneling of a jury, and having same present on June 22, 1933, for the purpose of trying the case, the assignment was illegal and should be set aside. The motion was heard, and was, by the court, on June 20, 1933, overruled, and the assignment for June 22, 1933, was sustained, which would have produced the result of having the case tried before the court without a jury.

Relator complains that this ruling, if permitted to stand, will deprive him of the right to a trial by jury to which he is entitled under the law.

The respondent judge returns that this court has no jurisdiction ratione materiæ. It seems to us that the only theory of the respondent judge for his position must be that, as no judgment has been rendered, and as no appeal from his ruling sustaining the assignment for June 22, 1933, is permissible, our alternative writs herein cannot be in aid of our appellate jurisdiction, and that only the Supreme Court has the power to supervise his ruling in the matter mentioned.

The appeal in this case, if one be taken, can only be brought to this court.

In Burnett et al. v. Johnston et al., 19 La. App. 213, 140 So. 48, a like objection was urged against our power to compel a district judge to require the plaintiff in the case to furnish a bond for costs, but we held that we had authority to correct his ruling in that respect had it been in error.

The authorities relied on by the respondent judge to the effect that this court has supervisory jurisdiction only in aid of its appellate jurisdiction are cases in which it appears either that the applicant for the writ did not enjoy the right of appeal or else he had in some manner waived it. But to hold that this court, in a case in which an appeal does lie, cannot exercise its right to supervise until the appeal has actually been taken, would be to render futile the right to issue a writ of mandamus, and as in many cases would serve to deprive an appellant of an advantageous appellate right; here, for instance, the right to a trial by jury after that right had been regularly obtained. No judgment has been rendered here, and for all we know, the case may not be appealed. But the ruling of the court deprives the relator of a vested right. He has a right to a jury trial, and law and jurisprudence attaches weight and importance to the verdict of a jury on a disputed question of fact when brought up for review on appeal. The verdict of a jury is in fact regarded as having more weight in such a case which involves the merits than the finding of the trial judge when considered on appeal. Therefore it follows that, unless the erroneous ruling fixing the case for trial, as stated, is corrected in this proceeding, the defendant will be thereby deprived of the right to have a jury pass on his defense, and, should the verdict of the jury be in his favor, the ruling deprives him of that advantage which would accrue to him should the case be brought to us on appeal.

At the present time, the relator, of course, does not know what the verdict of the jury will be, and he may not desire an appeal. But, to protect his right to a jury trial, he must act now and in the way he has proceeded, else such a right will be lost.

We understand that the Supreme Court has general supervisory authority and control over all the other courts of the state, and can issue writs of mandamus and certiorari as the court may deem necessary in the aid of justice; that, if petitioned to do so and it saw proper to act, it could issue the writs herein prayed for. But we also possess the power to issue such writs when we find it necessary, in aid of our appellate jurisdiction, and which includes the protection of a right which may be urged on appeal to this court.

It is our understanding of the law and jurisprudence on this subject that, although the remedial supervision necessary to protect a right which is advantageous and which may be urged on appeal to the Courts of Appeal may be constitutionally exercised by the Supreme Court, yet the Supreme Court, in remedial matters of the kind herein involved, has often held that the injured party should first apply for relief to that court to which the appeal would go should one be taken.

In the present instance, the explanations of the respondent judge have been taken into account. We do not question his statement concerning what took place, but accept same as true. The record and his statement show, however, that he allowed the defendant a trial by jury. He fixed the amount of the bond, and bond was given pursuant to his order, the bond recognized, and the case was tried before a jury resulting in a mistrial. This order and bond are still in force and effect, and the defendant is entitled to another jury trial.

Plaintiff in the cause argues, in support of the ruling of the district judge permitting the assignment of the case on a day and at a time which will result in a trial before him without a jury, that the bond for jury costs is not sufficient to secure the costs of a second jury trial. If that be the case, then plaintiff should make proper representation to the trial court to that effect and make a proper showing contradictorily with defendant, to the end that the court, if it deems it necessary may require further bond.

For these reasons, the alternative writs of mandamus and certiorari issued herein are now made peremptory, and it is now ordered that the assignment of the case for June 22, 1933, be, and the same is hereby, held to have been illegal and is now set aside, and the respondent judge is now ordered and commanded not to permit, on motion of the plaintiff Putnam & Norman, Inc., the reassignment of the case, until the proper proceedings have been taken to have a jury in attendance in the court for the date on which the trial is to be had for the purpose of trying the case.

It is further ordered that the plaintiff Putnam & Norman, Inc., pay the costs of this proceeding.