184 So. 565

JONES v. WILLIAMS et al.

No. 34984.

Oct. 31, 1938.

D. J. Hyams, of Natchitoches, and Harry Fuller, of Winnfield, for relators.

M. L. Dismukes, of Natchitoches, for respondent.

O'NIELL, Chief Justice.

The question présented in this proceeding is whether the defendants are entitled to have a rule issued, directed to the plaintiff and to the clerk of court, ordering them to show cause why the plaintiff should not be compelled to give a bond to secure the payment of certain court costs, amounting to $1,000 or more. The plaintiff is suing for the appointment of a receiver of the Central Lumber Company, Inc., one of the defendants in the suit, and is suing Dan S. Williams, the other defendant, for certain penalties for an alleged failure on his part, as an officer of the corporation, to furnish to the plaintiff, as a stockholder, a report of the affairs of the corporation. One of the

defenses to the suit is a denial that the plaintiff is a stockholder. After the trial of the case had proceeded for several days, and a large amount of costs had been incurred, the clerk of court and his deputy notified the defendants that, if a judgment should be rendered against them by the district court and they should appeal from the judgment, they would have to pay cash for the transcript, which would cost $1,000 or more, without any charge for the carbon copies of the testimony. At the same time the clerk notified the defendants that he would avail himself of the provisions of section 2 of Act No. 24 of 1872, allowing the clerks of court to refuse to deliver a transcript of the record to an appellant until he pays the cost of preparing the transcript. The defendants then filed in open court a petition for a rule on the plaintiff and the clerk of court to show cause why the plaintiff should not be compelled to furnish a bond for an amount sufficient to secure the payment of the cost of preparing a transcript in the event of an appeal. The defendants alleged in their petition for the rule that the plaintiff had no property subject to seizure, and that, if a judgment should be rendered in his favor in the district court, they, the defendants, would lose absolutely the cost of the transcript, even though they might win the case on appeal. The plaintiff in the suit objected to being ordered to show cause why he should not furnish the bond—the grounds for the objection being, first, that the petition for the rule came too late, after the suit was partly tried, and, second, that the defendants in the suit had no interest in the matter of securing the payment of the clerk's costs. The judge heard testimony on the objection to the issuing of the rule, and, after hearing the testimony, refused to issue the rule. The defendants then brought the matter to this court on a writ of certiorari and an alternative writ of mandamus.

On the trial of the plaintiff's objection to the granting of a rule to show cause why he should not be compelled to give the bond, the deputy clerk of court testified that he and the clerk of court together had notified the defendants in the suit that, if a judgment should be rendered against them in the district court and they should appeal from the judgment, he, the clerk, would refuse to deliver the transcript unless the appellants paid in cash the cost of preparing the transcript, which would amount to $1,000 or more. The 2nd section of Act No. 24 of 1872 declares that the clerk of a court from whose decision an appeal is taken shall not be required to deliver the transcript of the record until his fees for preparing the transcript have been paid. It had been decided before this statute was enacted that the clerk of court could not compel a defendant to pay for the transcript before having it delivered to him when he appealed from a judgment rendered against him. State ex rel. Kearny v. Clerk of Court, 22 La. Ann. 563; State ex rel. Bernard v. Clerk of Court, 22 La.Ann. 578; State ex rel. Washington v. Clerk of Court, 23 La. Ann. 762.

■ On the trial or hearing of the plaintiff's objection to being ordered to show cause why he should not be compelled to furnish the bond, the judge called the clerk into court and informed him that he, the judge, would order the plaintiff to furnish the bond if the clerk would demand it. The clerk replied that he would not demand that the plaintiff furnish the bond. It appears that the plaintiff had furnished a bond for $200, on the demand of the clerk, under authority of section 5 of Act No. 203 of 1898; but that bond was not intended to cover any part of the costs for which the defendants are now demanding a bond to secure the cost of the transcript. It appears also that the plaintiff furnished a bond for $750, on the demand of the defendants, under authority of Act No. 111 of 1926, to secure the payment of certain costs which the defendants incurred. But it appears that that bond had nothing to do with the costs which the defendants are now seeking to secure.

The judge of the district court contends that the clerk is the only one who may demand of the plaintiff a bond for costs, under authority of the 5th section of Act No. 203 of 1898, except for such costs as the defendants may be obliged to pay out, and for which they may be allowed reimbursement by the final judgment to be rendered on appeal. That is true, but, according to the 2nd section of Act No. 24 of 1872, which we have referred to, the cost of preparing the transcript, in case of an appeal, is an item of cost which the defendant may be obliged to pay, in order to avail himself of his right of appeal, and for which he may be allowed reimbursement by the final judgment to be rendered on the appeal. The first section of this statute, in harmony with the second section, provides that, in all cases of appeal, the appellant shall be liable *primarily* for the costs of the appeal, and that the plaintiff, if he be the appellee, shall not be called upon to *pay* the costs of the appeal unless he shall have been condemned therefor by the judgment rendered on the appeal. But Act No. 111 of 1926 allows the defendant in any case, except in New Orleans, the right to require the plaintiff to give bond for the court costs. It was decided in Whitson v. American Ice Co., 164 La. 283, 113 So. 849, that Act No. 111 of 1926 had reference only to such costs as a defendant might have an interest in securing; that is, such costs as the defendant might be obliged to pay out, and for which he might be allowed reimbursement by the final judgment to be rendered in the case. In the course of the opinion rendered in that case, it was said [page 850]:

"The clerk of court and the sheriff may be depended upon to perform their duty under section 5 of the Act 203 of 1898—to look after securing the payment of the costs of court—and particularly those which the defendant is not responsible for until and unless he is condemned to pay the costs by the final judgment."

■ It was not too late for the defendants in this case to demand the bond for these costs after the trial of the suit

on its merits was commenced. The demand for the bond was made promptly when the defendants were informed of the necessity for the bond. On this point the plaintiff cites a per curiam opinion rendered by the Court of Appeal for the First Circuit, in the case of Burnett v. Johnston, 19 La.App. 213, 140 So. 48, where it was held that a defendant could not demand a bond for costs after "pleading". The ruling in that case was never brought to this court for review. On the face of the record it is doubtful whether the Court of Appeal had jurisdiction to issue the writ of mandamus. The ruling is in conflict with the ruling made by this court in Whitson v. American Ice Co., 164 La. 283, 113 So. 849. In that case the court reserved to the defendant the right to demand, *whenever the necessity might arise,* security for any court costs that the defendant might incur or be obliged to pay in advance of a final judgment condemning either party to pay the costs. The statute declares that a defendant may demand the bond for costs "before pleading". That means that the defendant may, on a sufficient showing, refrain from entering any plea in the case until the bond is furnished. It does not mean that a defendant's right to demand a bond for the payment of such costs as he has an interest in securing is forfeited by his entering any plea in the suit. And the reason for that, as explained in Whitson's Case, is that the defendant cannot require the plaintiff to give a bond for the payment of such costs as the defendant is concerned in until the necessity therefor arises.

The ruling of the judge of the district court is set aside, and it is now ordered that he issue the rule on the plaintiff and the clerk of court, as prayed for by the defendants. The plaintiff, James W. Jones, Jr., is to pay the costs of this proceeding.