## CLAIR v. PHILADELPHIA STORAGE BATTERY CO.

No. 19928.

District Court, E. D. Pennsylvania.

Aug. 10, 1939.

Harold H. Bowman, of New York City, and Alfred T. Steinmetz, of Philadelphia, Pa., for plaintiff.

Wm. Barclay Lex, Charles J. Hepburn, Hepburn & Norris, Charles H. Howson, and Howson & Howson, all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

Leave was given to submit supplemental Briefs, which have now been submitted.

■ Every litigant assumes an obligation to pay the costs which may be awarded against him. He is however not required to give bond to pay them unless so required by Statute or Rule of Court. A Rule of this Court required such a bond to be given by non-resident plaintiffs. This Rule was in force when this action was instituted, and as the plaintiff is a non-resident, she was subject to it. The Rule was however not invoked until the present motion. The new Rules of Civil Procedure became effective September 16th, 1938, 28 U.S.C.A. following section 723c. By Rule 1 they "govern the procedure" in the District Courts but by Rule 83 the District Courts may make Rules of their own not inconsistent with the Civil Procedure Rules. This Court has however adopted no such Rules and the new Rules are silent on the subject except Rule 41, Section (d), which applies only to second suits for the same cause of action.

We construe Rule 83 to mean that any Rules of the District Court, not inconsistent with the Rules of Civil Procedure, remain in force. Our Rule 9, Section 1, of the Rules adopted in 1903 is in this respect not inconsistent with the Civil Procedure Rule and remains in force. The question thus becomes of the effect upon the defendant's right to security for costs of its failure to invoke the Rule until after a two years delay and issue joined. There is no uniform practice, there being supporting precedents for requiring or refusing security for costs after a corresponding delay.

■ Counsel for defendant seems to admit that mere non-residence cannot be urged as a reason for requiring security for costs after undue delay in invoking the Rule. They plant the allowance of the Rule not upon mere non-residence but upon what they assert to be the admission of the plaintiff that she is financially unable to pay costs. The Rule, it is true, expands the basis for the requirement of security from that of mere non-residence to all cases in which the plaintiff is found to be unable to pay costs. The consequence of a failure to enter security for costs is the non-suit of the plaintiff. The Rule is for the benefit of the defendant. If not invoked it may be deemed to have been waived. It would be hard lines for a plaintiff who has been led to prepare a case for trial to be, after the case was at issue, non-suited because of a failure to give security.

We do not understand the plaintiff to have admitted her inability to pay a judgment for costs which may be awarded against her but her inability to meet the expense of taking depositions in distant places.

Rule discharged.