## ZETH v. PENNSYLVANIA R. CO.
## CARNICELLO v. SAME.
## WALSH v. SAME.

Civ. Nos. 5463, 7069, 7020.

District Court, E. D. Pennsylvania.
Sept. 23, 1947.

Richter, Lord & Farage, of Philadelphia, Pa., for plaintiffs.

Barnes, Dechert, Price, Smith & Clark, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

## Zeth Case

Rule 9, Sec. 1, of the Rules of this Court is as follows: "In every action in which the plaintiff or the complainant is not at the time of suit brought a resident of the Eastern District of Pennsylvania, or being so, afterwards removes from the District; and in every other case where a defendant, or other person for him, shall make affidavit that he believes the costs could not be recovered of the plaintiff by attachment or execution, a rule for security for costs may be entered, upon due notice, and in default of such security being given at a time designated by the Court, judgment of non-suit shall be entered on motion."

This rule has been uniformly followed since 1903, the date of its adoption, and so far as I know its validity has not been called in question up to now. Similar rules are in force in many courts both federal and state.

1. Rule 9 is still in force, not being inconsistent with anything in the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. See Clair v. Philadelphia Storage Battery Co., D.C., 29 F.Supp. 299, and Federal Rule 83. The provision of Rule 83 for furnishing copies of local rules to the Supreme Court of the United States does not affect the validity of Rule 9 since the requirement is that they shall be furnished "upon their promulgation", which, of course, cannot apply to a pre-existing rule.

2. The Rule is not in conflict with the venue provision of the Federal Employers' Liability Act and is therefore not invalidated by that provision.

There is nothing in section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, which indicates any intention to take from the District Courts the inherent power which all courts have to regulate proceedings before them in procedural matters. That it requires positive congressional action to take away this power is at least suggested by the specific legislation which Congress saw fit to adopt in order to permit seamen to institute suit without posting security for costs. The cases cited and relied upon by the plaintiff go no further than deciding that the election as to venue given to the plaintiffs under section 6 may not be limited by any application of the doctrine forum non conveniens, whether by injunctions in the state of the plaintiff's

residence or by discretionary dismissal in the court in which the suit has been begun. Except for the effect given it in this respect, section 6 is an ordinary venue statute.

■ 3. Rule 9 is not invalid under either the due process clause of the 5th Amendment or under the 7th Amendment, guaranteeing the right to trial by jury.

■ The Rule, of course, has always been subject to the statute of the United States, 28 U.S.C.A. § 832, giving impoverished persons the right to proceed in forma pauperis without security for costs, upon complying with the reasonable provisions of the statute. It does not appear whether this plaintiff is able to post security. If he is not, he can easily take his case out of the scope of the Rule and if he is, he cannot argue that the Rule denies him due process or the right to trial by jury.

4. By stipulation, any question of waiver has been eliminated from this case.

### Carnicello Case

This case is the same as the Zeth case, except that the plaintiff contends that the defendant has lost its right to require security for costs, by waiver.

The action was begun March 11, 1947. The motion for security was filed on May 6, about two months later. In the meantime, the defendant had filed its answer and the plaintiff had ordered the case down for trial. Interrogatories were served by each party on the other and objections filed and ordered on the argument list. The plaintiff's deposition was taken and reports of medical examinations were exchanged.

■ A waiver of a right or advantage may be implied from action or inaction inconsistent with its continued assertion and indicating an intention to relinquish it. Or it may be implied from such failure to insist upon it that the party is estopped from setting it up afterward against his adversary. See 67 C.J. 305.

■ In the present case an intention to relinquish the right to require security for costs will not be inferred. The situation is quite different from that of a party pleading to the merits without raising objections which he may have to jurisdiction over his person. 'In such case his coming into court without objection is wholly inconsistent with any idea that he intends to preserve his right not to be brought into court. In a case like the present one there is no such logical deadline at which the defendant's failure to move must be construed as an abandonment of his right and no such inconsistency in withholding his motion for a few months, during which time some progress in the case is made, and then asserting the right. Of course, he may not wait until the plaintiff, in reliance upon his nonaction, has expended so much time and effort that it can be fairly argued that, had he known that he was going to be required to give security, he would have dropped his case. The plaintiff when he came into this court is presumed to have known its rules, and the steps that have already been taken which, in this type of case, are routine, are not enough to make it unjust to him now to enforce the Rule.

■ Clair v. Philadelphia Storage Battery Co., supra, in which the defendant was held to have waived his right, was an extreme case. The entire matter is procedural. It involves not the right to costs but merely the method of their collection. United States v. French Sardine Co., Inc., 9 Cir., 80 F.2d 325. As such it is peculiarly within the discretion of the court of the first instance and not, ordinarily, a subject for review, which it would be if it were other than purely procedural. Bankers Securities Corp. v. Ritz Carlton R. & H. Co., 3 Cir., 99 F.2d 51.

The defendant has not in this case waived its right to require the plaintiff to give security for costs.

### Walsh Case

■ In this case the plaintiff is a resident of this District and the defendant's motion is based upon the second part of Rule 9, which provides that in such case he may have security upon making an affidavit that he believes the costs could not be recovered, etc.

Again the matter is discretionary with the trial court and this is emphasized by the provision that in such case a rule *may* be entered. Exercising this discretion, I will not issue the rule in cases of resident plaintiffs alleged to be unable to pay costs

unless the defendant's affidavit sets forth some reasonable factual ground for the belief which he asserts.

In the Zeth and Carnicello cases the defendant's motion for security for costs is granted and the amount fixed at $300.

In the Walsh case the motion will be denied unless the defendant files an affidavit in accordance with the opinion within 10 days.