## FONTENOT v. CABOT CARBON CO.
### Civil Action No. 2185.

District Court, W. D. Louisiana, Opelousas Division.

July 20, 1948.

Atlee P. Steckler, of Ville Platte, La., and Joseph A. Loret, of Baton Rouge, La., for plaintiff.

Edward Dubuisson, of Opelousas, La., and Herman Guillory and Roland B. Reed, both of Ville Platte, La., for defendant.

PORTERIE, District Judge.

The defendant in this case has filed a motion for a bond for costs to be furnished by the plaintiff. The type of costs security for which is demanded is not of the kind that would be due the clerk of court and the marshal, but is to secure the expenses of the defendant in the taking of depositions in court, the taking of depositions of witnesses under commission, fees of experts, surveyors, and other scientists, whose services will be needed in the defense of the suit and which plaintiff may be finally condemned to pay. See Sec. 5, La.Act 203 of 1898; La.Act 111 of 1926.

The motion for a bond for costs is supported by an affidavit showing that substantial obligation under pending contracts has been made already by the defendant.

What is the pleading status of the case? The complaint was filed on May 21, 1947;

there was an extension given by the court of 45 days for the defendant to answer or plead; a motion pleading prescription of one year and to dismiss for lack of jurisdiction over the subject matter was filed August 6, 1947, heard and submitted on November 28, 1947, and overruled by the court immediately; a motion for a more definite statement or bill of particulars was filed December 18, heard and submitted on January 7, 1948, the court granting the motion in full and allowing thirty days for plaintiff's compliance with the bill of particulars and fixing that defendant have thirty days thereafter to file answer; an amended complaint raising the amount sued for to $263,140 was filed on February 9, 1948; then on March 15, 1948, this motion for security for costs in the sum of $5000 was filed by the defendant.

■ The court immediately senses that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are silent on this subject and that Rule 83 thereof provides that the district courts of the United States may make their own rules so long as they are not inconsistent with the federal rules. See Clair v. Philadelphia Storage Battery Co., D.C., 29 F.Supp. 299.

■ The district court rules adopted on November 29, 1920, apply in the instant case; Rule 12 thereof: "The practice, pleadings and rules of proceedings in civil causes, other than equity and admiralty cases, shall conform as near as may be to the practice, pleadings and modes of proceedings in like causes in the courts of record of Louisiana, and, to this end, the rules of practice and forms of procedure provided by the Code of Practice of Louisiana and the Statutes of this State are adopted insofar as they are not in conflict with the laws of the United States, or the rules of this Court, or the rules established by the Supreme Court, or the United States Court of Appeals for this Circuit."

Then it follows that section 1 of Louisiana Act 111 of 1926 applies: " * * * That the defendant *before pleading in all cases,* the Parish of Orleans excepted, may by motion demand and require the plaintiff, third opponent or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the Court such suit, third opposition or intervention, as the case may be, shall be dismissed as in case of non-suit; provided this shall not apply to cases brought in forma pauperis, nor to the state or any political subdivision thereof." (Italics ours.)

The italicised language, "before pleading in all cases," must be considered in conjunction with the pleading status of this case as recited above in deciding whether or not the instant motion was timely made.

■ The answer is found in the language of Chief Justice O'Niell in the case of Jones v. Williams, 191 La. 129, 184 So. 565, at page 566:

"It was not too late for the defendants in this case to demand the bond for these costs after the trial of the suit on its merits was commenced. The demand for the bond was made promptly when the defendants were informed of the necessity for the bond. On this point the plaintiff cites a per curiam opinion rendered by the Court of Appeal for the First Circuit, in the case of Burnett v. Johnston, 19 La.App. 213, 140 So. 48, where it was held that a defendant could not demand a bond for costs after 'pleading'. The ruling in that case was never brought to this court for review. On the face of the record it is doubtful whether the Court of Appeal had jurisdiction to issue the writ of mandamus. The ruling is in conflict with the ruling made by this court in Whitson v. American Ice Co., 164 La. 283, 113 So. 849. In that case the court reserved to the defendant the right to demand, whenever the necessity might arise, security for any court costs that the defendant might incur or be obliged to pay in advance of a final judgment condemning either party to pay the costs. The statute declares that a defendant may demand the bond for costs 'before pleading'. That means that the defendant may, on a sufficient showing, refrain from entering any plea in the case until the bond is furnished. It does not mean that a defendant's right to demand a bond for the payment of such costs as he has an interest in securing is forfeited by

his entering any plea in the suit. And the reason for that, as explained in Whitson's Case, is that the defendant cannot require the plaintiff to give a bond for the payment of such costs as the defendant is concerned in until the necessity therefor arises."

So, the motion must be allowed; the only duty left is the fixing of the amount of the bond.

The seriousness of the plaintiff's claim to the defendant is measured by the large amount sought in judgment for damages. The proof furnished in defendant's affidavit develops that the sum of $5,915.50 has already been spent, as is shown by the names, addresses, and occupations of persons to whom payments have been made. There is the obligation already incurred of having to pay each of five experts the sum of $100 per day during attendance at trial. Evidently, the amount of security asked for by defendant is quite reasonable.

Accordingly the court will sign an order-decree sustaining the motion for security for costs and fixing the bond to be furnished at the sum of five thousand ($5,000) dollars.