Harry MARDER, trading as Brigantine Market,

v.

FOOD FAIR STORES, Inc., American Stores, Inc., City Stores Company, Gold Trading Stamp Company, The Sperry and Hutchinson Company.

Civ. A. No. 20330.

United States District Court
E. D. Pennsylvania.

Dec. 30, 1957.

Martin Feldman, Philadelphia, Pa., for plaintiff.

Norman M. Kranzdorf, Morgan, Lewis & Bockius, Clark, Ladner, Fortenbaugh & Young, Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for defendants.

EGAN, District Judge.

This is a motion for security for costs on behalf of the various defendants, pursuant to Rule 9, Section 1 of the Rules of this Court, a copy of which appears in the margin.[1]

Plaintiff is a citizen of New Jersey who operates a retail food market in Brigantine, N. J. He has filed a complaint against the various defendants alleging violations of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

The complaint was filed on March 2, 1956, service being made on the 20th of that month. The motions for security for costs were filed between October 10th and October 16th of 1957—more than eighteen months subsequent to the institution of the action. In the interim, substantial activity has taken place in the litigation of this matter—(answers, interrogatories, answers to interrogatories, depositions, motions for judgment on the pleadings, etc.).

It is plaintiff's position in opposition to this motion, that the defendants waived

[1]. In every action in which the plaintiff or complainant is not at the time of suit brought a resident of the eastern district of Pennsylvania, or, being so, afterwards removes from the district; and in every other case where a defendant, or other person for him shall make affidavit that he believes the costs could not be recovered of the plaintiff by attachment or execution, a rule for security for costs may be entered, upon due notice, and in default of such security being given at a time designated by the court, judgment of non-suit shall be entered on motion.

their rights because of their failure to move for the security within a reasonable time.

 In Clair v. Philadelphia Storage Battery Co., D.C.E.D.Pa.1939, 29 F. Supp. 299, 300, in discharging the rule on the basis that plaintiff had *not* admitted her inability to pay costs, the Court stated:

> "The Rule is for the benefit of the defendant. If not invoked it may be deemed to have been waived. It would be hard lines for a plaintiff who has been led to prepare a case for trial to be * * * non-suited because of a failure to give security."

We feel that this is a fair statement of the waiver aspect of the Rule. And although the defendants would have us disregard that case because the facts differ from the instant situation, the observations made by that Court seem pertinent and for this reason are adopted by us.

 The movants cite Zeth v. Pennsylvania R. Co., D.C.E.D.Pa.1947, 7 F.R. D. 612, a case where the motion was granted, as controlling. Because, as the Zeth case points out, the matter is discretionary with the trial court, and because of its basic factual difference with the instant case (two months delay, as opposed to an eighteen month delay), we feel that our decision today is not bound by that case. But, here again the language appearing in the opinion is helpful in understanding the operation of the Rule. For instance, at page 614, it is stated:

> "Of course, he [defendant] may not wait until the plaintiff, in reliance upon his nonaction, has expended so much time and effort that it can be fairly argued that, had he known that he was going to be required to give security, he would have dropped his case."

In the Zeth case, the period expended prior to the motion was *two months,* and Judge Kirkpatrick, although indicating the possibility of a waiver under the Rule, (above) obviously did not think

that the case before him warranted such a disposition. In the instant case, the time period in question is eighteen months, and although it doesn't present the "ideal" situation as spelled out in the Zeth decision, there being no allegations of reliance here, we feel that it approaches that situation closely enough that our holding today is not inconsistent with the prior pronouncement. In view of the fact that the plaintiff has already expended much time as well as money, and because we feel that the defendants have failed to move seasonably, a rule absolute at this point would be manifestly unfair. For these reasons, the defendants' motions are denied.

Counsel will submit an appropriate Order.