**Samuel R. LEVINE, Plaintiff,**

v.

**Stanwood G. BRADLEE et al., Defendants.**

**Civ. A. No. 37367.**

United States District Court E. D. Pennsylvania.

Nov. 17, 1965.

Richard B. Pearl, Philadelphia, Pa., Sidney B. Silverman, New York City, for plaintiff.

Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for defendants F. R. Wills, A. H. Farrell, J. B. Wills, T. A. Vaughey, S. H. Wills and R. V. Harned.

Israel Packel, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., Marvin F. Hartung, Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant General Acceptance Corp.

GRIM, District Judge.

In this secondary or derivative action defendant corporation (not the individual defendants) has filed a motion to require the plaintiff to give security for its litigation expenses, including attorneys' fees, under Section 516, subd. B of the Pennsylvania Business Corporation Law, 15 P.S. § 2852–516, subd. B, and certain individual defendants have filed motions to require the plaintiff to give security for their court costs under this court's Local Rule 35(a).

In his complaint plaintiff asserts two causes of action: (1) a federal cause of action based upon alleged violations of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78a et seq.), particularly Section 10(b), 15 U.S.C.A. § 78j (b) and Rule 10b–5 of the Securities and Exchange Commission implementing this section, 17 C.F.R. § 240.10b–5 (1964); (2) a state cause of action based upon Article 16, Section 7 of the Pennsylvania Constitution, P.S., and section 603, subd. A of the Pennsylvania Business Corporation Law, 15 P.S. § 2852–603, subd. A, which sections forbid a corporation to issue stock for other than "money, labor done, or money or property actually received. * * * *"

The individual defendants are the executive officers and directors of the corporate defendant. The substance of the averments of the complaint is that the corporate defendant and the individual defendants in their capacity as officers and directors issued to defendant F. R. Wills a large block of stock of defendant, General Acceptance Corporation, receiving therefor from Wills only his promissory note. It is alleged that defendants by this conduct violated the above-mentioned Securities Exchange Act and the rules promulgated thereunder, thus creating a federal cause of action and it is further averred that defendants by this same conduct violated the above-mentioned sections of the state constitution and state statute, thereby creating a state cause of action. Since the federal and state causes of action present different problems they will be discussed separately.

### Federal Cause of Action

Plaintiff is a minority stockholder owning less than five per cent of the shares in defendant corporation. His shares have a market value of less than $50,000. Therefore it is averred that plaintiff comes within the provisions of a section of the Pennsylvania Business Corporation Law (15 P.S. § 2852–516, subd. B) which provides:

"In any * * * suit [to enforce a secondary right, such as the present case] instituted * * * by a holder or holders of less than five per centum of the outstanding shares of any class of * * * [a] corporation * * * unless the shares * * * held by such holder or holders have a fair market value in excess of fifty thousand dollars ($50,000), the corporation in whose right such action is brought shall be entitled at any stage of the proceedings, to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorneys' fees, which may be incurred by it in connection with such suit * * *."

The first question here is whether this state security statute can properly be applied to the above-mentioned federal cause of action. The answer to this question must be in the negative. In McClure v. Borne Chemical Co., 292 F.2d 824 (3d Cir. 1961) cert. denied 368 U.S. 939, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961) a plaintiff brought a derivative or secondary action in this court asserting a cause of action under (as in the present case) the Securities Exchange Act and the rules promulgated thereunder. The defendant corporation moved for security for expenses under a Pennsylvania security statute substantially similar to the statute applicable to this case. The Court of Appeals decided that the state security statute could not be applied to a suit based upon a federal cause of action such as that in the present case. The opinion of the Court of Appeals in the McClure case is so thorough and so dispositive of the issues presented by defendant corporation's motion for security for expenses that no additional comment need be made by me. Defendant corporation's motion for security for expenses under the above-mentioned state security statute must be denied as to the federal cause of action asserted by plaintiff.

Another question respecting the asserted federal cause of action is presented by a Local Rule 35 of this court, which provides:

"(a) In every action in which the plaintiff was not a resident of the Eastern District of Pennsylvania at the time suit was brought, or, having been so afterwards removed from this District, an order for security for costs may be entered, upon application therefor within a reasonable time and upon notice. In default of the entry of such security at the time fixed by the Court, judgment of dismissal shall be entered on motion."

Both sides seem to agree that the plaintiff in this case is, and at the time of the bringing of the action was, a resident of New York State. Consequently, Local Rule 35(a) applies to him. This

is a proper and a valid local rule. Zeth v. Pennsylvania R. R. Co., 7 F.R.D. 612 (E.D.Pa.1947, Kirkpatrick, J.). However, the question remains whether it may be properly applied to the federal cause of action asserted in the present case. In McClure v. Borne Chemical Co., 292 F.2d 824 (3d Cir. 1961), the Court of Appeals decided that the Pennsylvania security statute could not be applied to the federal cause of action in that case, reasoning that a statute such as the state security statute there involved and such as the one here involved could not be applied to a federal cause of action because by its terms it might be applied in such a manner as almost to destroy entirely the right to assert the federal cause of action. However, the Court pointed out that security for costs under Local Rule 35(a) "may * * * be required" even as applied to a federal cause of action, noting that security for costs provisions unlike security for expenses statutes "usually involves a relatively small initial outlay on the part of the plaintiff." McClure v. Borne Chemical Co., 292 F.2d 824, 825 (3d Cir. 1961). Accordingly the motion of the individual defendants for security for costs applicable to the federal causes of action will be granted.

### State Cause of Action

■ The state cause of action asserted by plaintiff is based on the above-mentioned provisions of the Pennsylvania constitution and the Pennsylvania Business Corporation Law. Jurisdiction of the state cause of action is acquired by this court because of the diversity of citizenship of the parties.

■■ The Pennsylvania security for expenses statute (15 P.S. § 2852–516, subd. B) is a valid statute, see Gaudiosi v. Mellon, 269 F.2d 873, 878 (3d Cir. 1959) cert. denied 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157 (1959). The reasoning of the Court of Appeals in the McClure case, namely that the federal cause of action involved therein cannot be encumbered by a Pennsylvania security statute clearly does not apply to that part of plaintiff's complaint based upon a state created cause of action. I conclude, therefore, that defendant corporation is entitled to security for its expenses of defending against plaintiff's asserted state cause of action. However, since there is nothing in the record of this case to indicate what reasonable expenses, including attorneys' fees, will be in this case, the court will not at this time specify the amount of security to which defendant corporation is entitled.

Since the provisions of Local Rule 35(a) can and will be applied to the federal cause of action, it can and will be applied to the state cause of action.

### ORDER

AND NOW, November 17, 1965, it is ordered that within sixty days of this date plaintiff file in the office of the Clerk of this Court security for costs under Local Rule 35(a) in the sum of Six Hundred Dollars ($600.00), this figure of Six Hundred Dollars ($600.00) being based upon this court's judicial knowledge of the amount of costs due in cases within this court and in its clerk's office, such security to be jointly and severally in favor of all the moving defendants herein. In default of the entry by plaintiff of this security for costs within the prescribed period, application for dismissal of this case may be filed with the court.

It is further ordered that the parties within sixty days by discovery processes prepare a record from which the court can determine what on the facts of this case a reasonable amount of security for expenses, including attorneys' fees, to be incurred in defending against plaintiff's alleged state cause of action, will be, taking into consideration the fact that the court might enlarge the amount of security for expenses as the case proceeds.