BLANCHE, Judge.
Defendant-appellant, Glenn I. Donica, appeals the granting of a default judgment in favor of plaintiff-appellee, Robert L. Raborn.
Plaintiff, an attorney, represented defendant’s wife in their divorce proceeding and in all proceedings incidental thereto.
On July 14, 1975, plaintiff, in proper person, sued defendant-husband for $9,459.35, representing attorney’s fees and costs allegedly due him as a result of his representation of defendant’s wife.
On July 29, 1975, within the time required for defendant to answer plaintiff’s petition, defendant filed in the record of the case a written “Motion for Security for Costs.” As the basis therefor, defendant alleged that the plaintiff’s suit was instituted merely to harass the defendant since plaintiff had already been granted attorney’s fees in the divorce judgment. Additionally, defendant asserted that he was unable to bear the cost of the litigation since his assets were under injunc *472 tion by The Family Court, Parish of East Baton Rouge, pending settlement of the community property.
The prayer of the motion states:
“WHEREFORE, Respondent prays that he be granted the relief herein sought, and that after due proceedings had, that there be judgment rendered herein ordering the plaintiff to post a bond in an amount sufficient to cover the costs of same.” (Record, p. 362)
No other pleading was filed by defendant.
On September 9, 1975, while the above motion was pending before the court and without notification to defendant or his counsel, plaintiff perfected a default judgment against the defendant.
Defendant, upon learning of the judgment against him, submitted a rule nisi to set aside said judgment as being an absolute nullity. After denial of that rule, defendant timely appealed the original default judgment and the denial of his rule. The apppeals were consolidated as No. 10,-759 on the docket of this Court. Plaintiff answered, seeking damages for frivolous appeal.
Although other issues have been raised by both parties, the dispositive issue before this Court is the validity of the default judgment.
LSA-C.C.P. Art. 1701 provides, in pertinent part:
“If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. * * * if
In the instant case, the defendant has not answered the plaintiff’s petition. Therefore, under the literal .wording of Article 1701, the plaintiff would be entitled to a default judgment. However, as previously noted, defendant demanded security for costs before the expiration of time in which to answer.
In this regard, we note that LSA-R.S. 13:4522 provides, in pertinent part:
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. * * * ” (Emphasis supplied)
In effect, Section 4522 allows a defendant to delay filing any pleading, including his answer, until the plaintiff has met his demand to post security for costs. Since the defendant was not required to answer while the motion was pending, the defendant did not “[fail] to answer within the time prescribed by law” (Article 1701) so as to entitle plaintiff to a default judgment.
The foregoing analysis of Section 4522 is in accord with the Louisiana Supreme Court’s interpretation of the statute’s source, Act No. Ill of 1926.[1] In Jones v. Williams, 191 La. 129, 184 So. 565 (1938), the Court said:
“ * * * The statute declares that a defendant may demand the bond for *473 costs ‘before pleading’. That means that the defendant may, on a sufficient showing, refrain from entering any plea in the case until the bond is furnished. * * *” (191 La. at 135, 184 So. at 567)
Section 4522 is also in harmony with the general jurisprudential rule that no default can be taken where preliminary objections to a petition remain undecided. See Johnson v. Walgreen Louisiana Company, 163 So.2d 830 (La.App. 4th Cir. 1964), wherein a written “Motion to Strike” (LSA-C.C.P. Art. 964) was found to interrupt the running of time for filing an answer and, therefore, preclude the taking of a default judgment under the facts of that case.
Since the defendant herein was not required to answer plaintiff’s petition until the motion for security for costs was disposed of, the plaintiff was not entitled to a default judgment.
LSA-C.C.P. Art. 2002 reads, in pertinent part, as follows:
“A final judgment shall be annulled if it is rendered:
* * * * * *
“(2) Against a defendant * * * against whom a valid judgment by default has not been taken * * *.”
For the hereinabove reasons, the instant default judgment was invalid and, therefore, it must be annulled.
Accordingly, the judgment of the trial court is reversed and the default judgment of September 9, 1975, is hereby annulled, vacated and set aside, and this case is remanded to the trial court for further proceedings in accordance with law. The costs of this appeal are assessed to the plaintiff-appellee, with the remaining costs to be assessed in accordance with the final disposition of this cause.
REVERSED AND REMANDED.

. Section 4522 made no substantive change in Act 111 of 1926, which act, in pertinent part, provided as follows:
“Section 1. Be it enacted by the Legislature of Louisiana, That the defendant before pleading in all cases, * * * may by motion demand and require the plaintiff, third opponent or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the Court such suit, third opposition or intervention, as the case may be, shall be dismissed as in case of non-suit; provided this shall not apply to cases brought in forma pau-peris, nor to the state or any political subdivision thereof.”