LOTTINGER, Judge.
Plaintiff-appellant brought this action against the City of Plaquemine, its Mayor, Harry K. Gallager, and then Chief of Police, Dennis Songy, to terminate an alleged trespass upon appellant’s home premises. It is averred that defendants have disturbed appellant’s peaceful possession by erecting a “one way” sign on appellant’s front lawn. Defendants-appellees obtained an order below requiring appellant to post bond for costs incurred in the Lower Court in the sum of $1,800.00 said cost bond to be furnished within 30 days. On appellant’s failure to furnish the cost bond, defendants obtained judgment dismissing appellant’s action as of nonsuit.
Appellant has alleged that he was in cor- ■ poreal possession for more than one year of property located in the City of Pla-quemine and that appellees without his knowledge and consent erected or caused to be erected a “one way” sign on the said property.
The petition of appellant further sets out that there has been an illegal trespass by appellees, that appellant has been deprived of the full enjoyment of the property, and that pursuant to C.C.P. art. 3663, he is entitled to injunctive relief and for damages resulting from the trespass.
The prayer of appellant’s petition is that he be granted damages in the sum of $2,000.00 and that the appellees be permanently enjoined from trespassing on the property possessed by appellant.
Appellee filed a motion for security for costs. The motion stated, in essence, that in order to prepare the defense to appellant’s suit it would be necessary for appel-lee to retain engineers and surveyors at a cost of approximately $250.00 per day. The said surveyors would be necessary to determine the exact location and dimensions of Fort Street upon which appellant’s property fronts, and that the total bill that could reasonably be expected for these services would be approximately $3,500.00.
Appellant resisted the rule contending that it was not at all necessary for surveyors to be engaged for a resolution of the issues presented by appellant’s petition. Appellant contended it would be unduly burdensome to require appellant to post a bond for costs which might be incurred by the appellee when the expenditures would not produce evidence which would be of any consequence in resolving the issues presented by appellant’s petition, and which said evidence would in fact not even be admissible upon the trial of this suit.
*293 The motion for security for costs was argued before the Court on January 22, 1973 and on March 21, 1973, the Court, without written reasons, stated “considering the pleadings, the testimony and arguments of counsel, believing the law and the evidence to be in favor of mover, for reasons this day orally assigned” and ordered that appellant furnish security for costs in the amount of $1,800.00 within thirty (30) days and in default thereof that appellant’s petition was to be dismissed without prejudice.
Authority for appellee’s demand that appellant put up costs is R.S. 13:4522. Although the statute does not make it a requirement, the jurisprudence makes it clear that the defendant must show the necessity for a bond for costs. Further, the Trial Judge has discretion in setting the amount of the bond. Romero v. Romero, La.App., 232 So.2d 572 (3rd Cir. 1970), and Whitson v. American Ice Company, 164 La. 283, 113 So. 849 (1927). An excellent discussion of the duty of the Trial Judge and the burden of the appellee pursuant to R.S. 13:4522 is presented by the Court in the Romero Case.
Appellant persists on appeal in characterizing defendants’ desire to conduct a survey to fix the limits of Fort Street in the City of Plaquemine as one concerning title to the property. Defendants readily admit that title, as such, is not at issue but that the extent of the dedicated roadway, regardless of who owns the property, it at issue. It seems reasonable to assume that it will be necessary to determine the dedicated roadway in some manner, a survey being as .good as any and possibly the best method, if this matter is to be resolved on the merits.
The fixing of the bond and amount thereof are within the discretion of the Trial Judge, and we find no abuse of this discretion. Since the appellant did not file the bond for costs timely, the dismissal of this suit was proper.
For the above and foregoing reasons, the judgment of the Lower Court dismissing the petition of plaintiff, John M. Carville, as of nonsuit is affirmed, all costs including the costs of this appeal to be paid by the appellant.
Judgment affirmed.