With this amendment of the decree, a rehearing is refused.

---

(113 So. 849)

No. 28672.

### WHITSON v. AMERICAN ICE CO.

### In re WHITSON.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. Costs ⬠118—Under statute permitting defendant to demand security for costs, judge has discretion to fix amount of security (Act No. 111 of 1926).

Under Act No. 111 of 1926, authorizing defendant to require giving of security for costs without provision as to how amount of security shall be determined, judge has authority to fix amount according to his discretion and showing made by party demanding security, as determination of amount is essentially judicial function.

2. Costs ⬠118—Defendant may demand security only for such costs as he may have to pay in advance of judgment (Act 111 of 1926; Code Prac. art. 462; Act No. 19 of 1884; Act No. 203 of 1898, § 5).

Act No. 111 of 1926, providing that defendant may require plaintiff to give security for costs, applies only to such court costs as defendant may have to pay or be responsible for in advance of judgment, such as fees of expert witnesses, under Code Prac. art. 462 (Act No. 19 of 1884), and expenses involved in taking depositions, and does not apply to costs for which defendant is made responsible by final judgment, which costs are provided for by Act No. 203 of 1898, § 5.

3. Costs ⬠106—Act permitting clerk or sheriff to demand security for costs on filing suit held not repealed by statute allowing defendant to demand security (Act No. 203 of 1898, § 5; Act No. 111 of 1926).

Act No. 203 of 1898, § 5, permitting clerk of court or sheriff to demand security for costs from plaintiff at time of filing suit, is not repealed by Act No. 111 of 1926, which permits defendant to require plaintiff to give security, as later act does not apply to costs which party is condemned to pay by final judgment.

4. Costs ⬠118—Defendant demanding security for costs must show how large a bond is necessary for his protection (Act No. 111 of 1926).

Burden is upon defendant demanding security for costs under Act No. 111 of 1926, to show how large a bond is necessary to protect him, and plaintiff is under no duty to show how small a bond will suffice.

5. Costs ⬠118—Judge in fixing amount of security for costs must exercise discretion with regard to necessity for bond and defendant's interest (Act No. 111 of 1926).

While some discretion is left with judge in fixing amount of bond to be given defendant as security for costs under Act No. 111 of 1926, such discretion must be exercised with due regard for actual necessity of bond and interest or motive of party demanding it.

6. Costs ⌾118—Plaintiff held entitled to annulment of order requiring $1,000 security for costs where defendant made no showing of taxable costs to be incurred (Act No. 111 of 1926).

In suit for injunction to stop operation of ice factory, plaintiff *held* entitled to annulment of judge's order requiring $1,000 bond as security for costs under Act No. 111 of 1926, where record failed to show defendant was about to incur any expense or liability for fees which might ultimately be taxed as costs against plaintiff.

Suit by Westley J. Whitson against the American Ice Company for an injunction, in which plaintiff applies for certiorari and prohibition to review the action of the trial judge in requiring plaintiff to give security for costs. Order requiring security for costs annulled, with reservation of defendant's right to require security as the necessity may arise.

F. A. Middleton, of New Orleans, for relator.

Prowell, McBride & Ray, of New Orleans, and C. A. Buchler, of Gretna, for respondent.

O'NIELL, C. J. The relator sued the American Ice Company for $5,490 damages alleged to have been caused by the operation of an ice factory on a lot adjoining the lot on which the plaintiff resides, and he prayed for an injunction to stop the operation of the factory. He alleged that the rear wall of the factory was built upon the dividing line between his and the defendant's lot, and was therefore partly on his lot, and that the wall was not a party wall. He alleged that the damages suffered were caused by vibrations and noises resulting from the operation of the factory and by the discharging of salt water and other refuse upon his property, and that the vibrations, noises and discharging of salt water and other refuse upon his property constituted a nuisance, which ought to be stopped.

The judge issued a rule ordering the defendant to show cause why a preliminary injunction should not issue, but did not issue a temporary restraining order. Without answering or pleading to the rule to show cause, the defendant demanded that the plaintiff should give security for costs, and suggested that the judge fix the amount of the bond at $1,500. The judge fixed the amount of the bond at $1,000, under authority of Act 111 of 1926, p. 171. The plaintiff protested, contending that the statute was without effect because it did not authorize the judge or any one else to fix the amount of the bond, or establish any rule for determining the amount of security to be furnished. In the alternative, he contended that, if the statute was enforceable, and if it authorized the judge to fix the amount of the bond to be furnished, the amount fixed by the judge was exorbitant and oppressive. He did not ask for a reduction of the amount of the bond, after it had been fixed, because he insisted that the statute was without effect, and he was unwilling to waive his protest against giving any bond at all. Having no other recourse, he invoked the supervisory jurisdiction of this court, by applying for writs of certiorari and prohibition.

The judge of the district court, answering the rule to show cause why the relief prayed for should not be granted, says that his reason for requiring a bond for as much as $1,000 was that the defendant's attorneys informed him, when they made demand for a bond for costs, that they intended to ask for a survey and to summons expert witnesses, whose fees the defendant would have to advance or be responsible for. The judge says that the fixing of the amount of the bond was a matter entirely within his discretion, and that the plaintiff in the case made no showing or request for a reduction of the amount fixed and is therefore not entitled to relief at the hands of this court. The attorneys for the

respondent, American Ice Company, urge the same defenses in their brief.

This is the first occasion we have had to construe or consider the Act 111 of 1926. It provides that the defendant in any suit, except in the parish of Orleans, may, before pleading, demand and require the plaintiff or any intervener or a third opponent to give security for the costs, and on his failure so to do within the time fixed by the court the suit or intervention or third opposition, as the case may be, shall be dismissed as in case of nonsuit. There is a proviso that the act shall not apply to suits brought in forma pauperis or to suits brought by the state or by any political subdivision thereof. The second section of the act declares that the surety on the bond for costs shall be considered a party to the suit and be condemned in solido with the principal if he be condemned for the costs by the final judgment. The third section repeals all laws in conflict with the act.

[1] The statute is not without effect merely because it does not declare who shall determine the amount of the security to be given or provide a rule for fixing the amount. The determining of the amount of security to be given in any judicial proceeding, particularly the amount of security for the payment of court costs, is essentially a judicial function; and when a statute authorizes the judge to require a litigant to give security for the court costs, and does not say how the amount of the security shall be fixed or determined, the judge, having authority to require the security has the authority, necessarily, to fix the amount according to his discretion and the showing made by the party demanding the security.

[2, 3] It is conceded by the respondents in this case—and would be obvious if it were not conceded—that the defendant in a lawsuit is not concerned with securing the payment of any of the court costs except those which he may be responsible for without being condemned therefor by the judgment of the court. A defendant may have to employ, and pay or be responsible for the fees of, expert witnesses, auditors, surveyors, or other scientists, whose services or opinions may be needed in defense of the suit; and their fees may be taxed as part of the costs of court, which the plaintiff may finally be condemned to pay. Code of Practice, art. 462; Act 19 of 1884, p. 25. A defendant may also find it necessary to take the depositions of witnesses under commission, and may have to pay in advance or be responsible for the notary's fees or other expenses which may be taxed as costs of court and which the plaintiff may ultimately be condemned to pay. As to such court costs alone—which the defendant may have to pay or be responsible for in advance of a judgment determining who shall pay the costs—the Act 111 of 1926 is applicable. It is not applicable to the court costs generally, which the defendant in a case is not at all responsible for unless and until he is finally condemned to pay them. Security for the payment of such costs, in the parishes other than the parish of Orleans, is provided for in the fifth section of the Act 203 of 1898, p. 490, which allows the clerk of court or the sheriff to demand of the plaintiff security for costs at the time of filing the suit, and to demand additional security at any time thereafter, and allows those officers to collect all court costs semiannually, on the 1st day of January and 1st of July, during the pendency of the suit. That statute is not in conflict with the Act 111 of 1926 and is not thereby repealed.

We maintain therefore that the Act 111 of 1926 does not permit the defendant in a lawsuit to harass the plaintiff by meddling in a matter that does not particularly concern the defendant. The clerk of court and the sheriff may be depended upon to perform their duty under section 5 of the Act 203 of 1898—to look

after securing the payment of the costs of court—and particularly those which the defendant is not responsible for until and unless he is condemned to pay the costs by the final judgment.

The record in this case, a copy of which was sent up in response to the writ of certiorari, does not show that the defendant was about to incur any expense or liability for fees which might ultimately be taxed as costs against the plaintiff. The only record in that respect is a typewritten ex parte order, apparently prepared by the defendant's attorneys, saying that, on their motion and on their "suggesting to the court that plaintiff herein should furnish a bond for costs in this matter, it is ordered that the plaintiff do furnish a bond for costs in this matter in the sum of one thousand ($1,000) dollars." The amount is written in with a pen.

[4-6] It is not the duty of the plaintiff in such case to show that, as far as the defendant is concerned, there is no necessity for a bond for costs, or to show how small a bond will suffice. The burden is on the party demanding the security to show how large a bond is necessary to protect him. 15 C. J. 207, par. 501. Some discretion in that respect is left with the judge, to be exercised, however, with due regard for the actual necessity for a bond and for the interest or motive of the party demanding it.

The order of the district court requiring the plaintiff in this case to furnish security for $1,000 of court costs is annulled, reserving to the defendant the right, on a proper showing, to demand, now or whenever the necessity may arise, security for any court costs which the defendant may actually have to incur or be responsible for in advance of a final judgment condemning either party to pay such costs. The respondent, American Ice Company, is to pay the costs of these supervisory proceedings.