**SALMON** et al. v. **MARTIN** et al.

No. 5121.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 13, 1935.

Hudson, Potts & Bernstein, of Monroe, for appellant.

*Judgment amended on rehearing, see 164 So. 672.

Geo. Wesley Smith, of Rayville, for appellees.

TALIAFERRO, Judge.

In the suit of "Mrs. Norma V. Martin v. Mrs. May B. Jones and Miss Vivian Jones," erstwhile pending in the district court for Richland parish, upon the defendants' application, plaintiff was required by the court to give bond for costs, in the sum of $500. In the application for the order, it was alleged that alienists and other expert witnesses would be called by defendants, whose fees they would be obliged to pay in advance of termination of the suit, and that a bond of indemnity should be given by plaintiff to protect them against loss on this account, in event plaintiff should be unsuccessful therein. The bond given, pursuant to the court's order, is in favor of J. C. Salmon, clerk of court of Richland parish. It was signed by Hartford Accident & Indemnity Company as surety and, so far as needful to this opinion, reads as follows:

"Now the conditions of this obligation are such that whereas in a certain suit styled Mrs. Norma V. Martin v. No. 8630 Mrs. May B. Jones et al on the docket of the Fifth Judicial Court, an order has been issued requiring the filing of a Five Hundred Dollar bond to indemnify the Clerk of Court and the defendants therein for all court costs, expert witness fees and other court costs in connection with said litigation.

"Now, if the plaintiff, Mrs. Norma V. Martin, shall pay and satisfy the court costs and expert witness fees as they accrue, then this bond to be null and void, otherwise to remain in full force and effect."

Mrs. Martin was unsuccessful in her suit. She was condemned by judgment to pay all costs of the suit. The judgment is now final. Demand was made upon her and her surety to pay the costs of court incurred in the suit and the expert witness fees therein, and failing to receive payment thereof, this suit was instituted against her and said surety to recover said costs and fees. Mr. Salmon, Clerk, as plaintiff, sues for costs due his office to the amount of $66.45, and Mrs. and Miss Jones sue for expert witness fees in the sum of $200.

Defendants denied liability for payment of any part or portion of the amount sued for. There was judgment for plaintiffs, as by them prayed for, excepting that the expert fees, in keeping with stipulation of counsel to that effect, were fixed at $150. The insurance company only appealed.

Here, the appellant does not contest the correctness of said judgment in so far as it condemns it to pay the fees of the expert witnesses, but does vigorously challenge plaintiff's contention that it is liable, under the terms of the bond, for payment of the clerk's costs. Its position is that the bond is broader than the court's order requiring that it be given by Mrs. Martin, and to this extent it is not binding on the surety.

 There can be no question about appellant's liability for the expert witness fees. The bond was ordered given expressly to indemnify the defendants against loss on this account, and it specifically states that if Mrs. Martin does not pay these fees, the surety becomes liable therefor. The remaining question is whether, in view of the facts of the case, there is liability on the part of the surety to pay the clerk's costs. Does the fact that the court's order did not require the giving of bond to cover the clerk's costs alter the situation, since the bond specifically includes such costs? We do not think so.

Act No. 111 of 1926 gives a defendant, before pleading, the right to require the plaintiff to give security for "the cost in such case," and section 5 of Act No. 203 of 1898, provides that clerks of the district courts "may * * * demand security for cost at the time of filing suit and all accrued cost after the advance cost has been exhausted demand security for further cost which shall be due and collectible January 1 and July 1, during the pendency of the suit," etc. It was held in Whitson v. American Ice Co., 164 La. 283, 113 So. 849, that there was no conflict between the referred to provisions of the two acts; that the 1926 act gave to defendant a right to require plaintiff to give security for only those costs as defendant may have to pay or be responsible for in advance of judgment, such as the fees of expert witnesses, taking depositions, etc. This act specifically states that the defendant "may by motion demand," etc., but the 1898 act does not go this far. It simply says that the clerk, after plaintiff has made initial cost deposit, "may also demand security for cost," etc. No sacramental form or method is prescribed for making such demand. We know that in the district courts of the country parishes, the demand by the clerk is frequently verbal. Of course, if such a demand is not acceded to, the clerk has his remedy to proceed by rule or motion; and even though

it should be held that the 1898 act contemplated the filing of formal motion by the clerk, where it appears that the security was given without the motion, the bond would be none the less valid. It is contended by appellant that as the clerk did not file formal motion for cost bond, no testimonial proof was admissible to prove any other demand therefor by him. We do not think this position tenable.

In Sievers v. Samuel, 172 La. 1005, 1013, 136 So. 33, 35, a release bond was given to a constable without previously securing a court order authorizing the taking of such a bond or fixing the amount thereof. The question of the bond's validity was disposed of by the court in the following language:

"In the case presently before us, it is not seriously disputed that the bond sued on was given to the constable without an order of court by agreement of counsel. And it is certain that the surety by executing the bond obtained the release of the property in the possession of the constable. On receiving the bond, the constable assigned his right, title, and interest therein to plaintiff, who made no objection thereto. And plaintiff has instituted this suit as the beneficiary under the obligation. In these circumstances, we think the formality of the judge's order fixing the amount of the bond as prescribed by the Codal article was waived by the parties."

Mr. Salmon testified that he discussed with Mrs. Martin's counsel the matter of providing a bond for his costs and that this counsel promised him to secure the bond. The counsel, after the rule on Mrs. Martin to provide bond for defendant's costs was made absolute, went to the surety's office in Little Rock, Ark., and at its request there prepared the bond himself, which was then signed and delivered to him for filing. He says:

"I prepared the bond to cover all the costs of the court as well as the costs of the defendant, but it now appears that it is broader than the order on the rule. The Company asked me to prepare the bond."

Undoubtedly, the subject of costs in all particulars was discussed between Mrs. Martin's attorney and the surety. The bond reflects this very clearly. The surety was in no respect misled, because all the facts and the measure of its responsibility, by signing the bond, were evidently gone into at the time. After the bond had been filed, it was deemed by all concerned to cover the court costs. The clerk, after consultation with counsel in the case, abstained from formally asking for security for his costs from plaintiff. He relied upon the language of the bond to protect him. While the bond does refer to the court's order on the rule, yet we think its concluding provision, in view of the facts of the case, determinative of the issue between the clerk and surety. It is:

"Now, if the plaintiff, Mrs. Norma V. Martin, shall pay and satisfy the court costs and expert witness fees as they accrue, then this bond to be null and void, otherwise to remain in full force and effect."

Our opinion is that the judgment appealed from is correct; and it is hereby affirmed, with costs.