MILLER, Judge.
Plaintiffs-relators were granted supervisory writs so that we could review the trial court’s ruling ordering plaintiffs to file with the Clerk of Court a bond in the amount of Five Hundred ($500.00) Dollars for security for costs to be paid by defendant prior to rendition of judgment, pursuant to LSA-R.S. 13:4522.
Plaintiffs (seven taxpayers allegedly adversely affected) sought an injunction to prohibit the defendant Police Juror from allegedly squandering public funds. After filing exceptions of nonjoinder of indispensible party and of no right or cause of action, defendant applied for and obtained a rule nisi (following LSA-C.C.P. Form 505) directed to plaintiffs ordering them to show cause why they should not be required to furnish security for all costs to be paid by defendant prior to rendition of judgment.
The defendant’s motion for costs, filed through his counsel suggested to the court that defendant intends to take the testimony of the seven plaintiffs, thirteen Iberia Parish Police Jurors, eighteen Iberia Parish Police Jury employees, and the Secretary of the Iberia Parish Police Jury by deposition on oral examination. The motion suggests that the taxable costs of taking the depositions will amount to at least $60 each, making up a total of $2,340. Additionally, the motion suggests that defendant will order a transcript of the testimony taken at trial, and suggests that this will cost more than $2,940. Thus, defendant requested a bond of $5,280 for the depositions and transcript of trial testimony.
The rule was fixed for hearing on November 13, 1969. At that hearing no witnesses were called and no evidentiary offerings made. Plaintiffs urged the immediate recall of the rule nisi inasmuch as no evidence in support of the application was presented. After taking the matter under advisement to consider briefs, the trial court ordered plaintiffs to furnish to the Clerk of Court a Five Hundred Dollar bond as security for costs of this action, within fifteen days. Plaintiffs timely filed for Writs of Certiorari, Prohibition and Mandamus, which application was granted on January 29, 1970.
The essential question of law presented is: Has defendant established that he is entitled to require plaintiff to post a cost bond in favor of the Clerk of Court, under LSA-R.S. 13:4522?
The statute alone does not clearly state the rule as it has been uniformly interpreted in the jurisprudence.
“§ 4522. Defendant may demand security for costs
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof.”
*574 It was decided in Whitson v. American Ice Co., 164 La. 283, 113 So. 849 (1927) that this provision (then Act 111 of 1926) had reference only to such costs as a defendant might have an interest in securing; that is, such costs as a defendant might be obliged to pay out prior to final judgment and for which he might be allowed reimbursement by the final judgment to be rendered in the case. See also Jones v. Williams, 191 La. 129, 184 So. 565 (1938); Norton v. Perez, 180 So. 878 (La.App.Orls.1933).
These costs are not those included under LSA-R.S.. 13:841 — 843 (formerly Act 203 of 1898) which allow the clerk of court to require plaintiff to furnish security for costs at the time of filing suit, and to demand additional security at any time thereafter. In the Whitson case, the Supreme Court put it this way:
“We maintain therefore that the Act 111 of 1926 does not permit the defendant in a lawsuit to harass the plaintiff by meddling in a matter that does not particularly concern the defendant. The clerk of court and the sheriff may be depended upon to perform their duty under section 5 of the Act 203 of 1898— to look after securing the payment of the costs of court — and particularly those which the defendant is not responsible for until and unless he is condemned to pay the costs by the final judgment.” 164 La. 283, at 287, 288, 113 So. 849, at 850.
Another key requirement that does not appear in the statute, but is found in the cited jurisprudence is that defendant must show the “necessity for a bond for costs.” Whitson v. American Ice Co., 164 La. 283, 288 and 289, 113 So. 849, 851 (1927); Jones v. Williams, 191 La. 129, 184 So. 565 at 567 (1938); Norton v. Perez, 180 So. 878 at 879 (La.App.Orls.1938).
The trial judge has discretion in setting the amount of the bond, but this discretion must be exercised “with due regard for the actual necessity for a bond and for the interest or motive of the party demanding it.” Whitson v. American Ice Co., 164 La. 283, at 289, 113 So. 849 at 851 (1927).
What costs are included in R.S. 13:4522? Only those necessary expenses which defendant may have to pay or be responsible for in advance of a judgment determining who shall pay the costs, and which plaintiff may ultimately be condemned to pay. Examples cited in Whit-son were “fees of expert witnesses, auditors, surveyors or other scientists, whose services or opinions may be needed in defense of the suit * * * which the plaintiff may finally be condemned to pay. * * * A defendant may also find it necessary to take the depositions of witnesses under commission, and may have to pay in advance or be responsible for the notary’s fees or other expenses which may be taxed as costs of court and which the plaintiff may ultimately be condemned to pay.” 164 La. 283, 288, 113 So. 849, 850. (Emphasis added.)
The record in this case, a copy of which was sent up in response to the writ of certiorari, shows that defendant did not allege or prove a need for incurring expenses which may ultimately be taxed to plaintiffs.
The $500 bond set by the trial court may have been to cover defendant’s costs related to taking discovery depositions from the seven plaintiffs. While this could be necessary to the preparation of a proper defense,[1] there is no such allegation in the motion for costs and defendant did not produce proof of need at the hearing.
*575 The order (granted under LSA-R.S. 13 ¡4522) to furnish security for $500 court costs is annulled reserving to defendant the right, on proper showing, to demand, now or whenever the necessity may arise, security for any costs which defendant may need to incur (or be responsible for) in advance of a final judgment condemning either party to pay such costs. Respondent Fred Romero is to pay the costs of these supervisory proceedings.
Cost bond annulled: case remanded.

. We pretermit this issue. Evidence might disclose that defendant could develop necessary information by interrogatories.