CULPEPPER,' Judge.
We granted this Writ of Certiorari to review an order of the district judge that the plaintiff-relator furnish security for costs, as provided for under LSA-R.S. 13:4522. The substantial issue is whether the district judge erred in issuing the order without the introduction of evidence by the defendant to show the necessity for and the amount of the bond for costs.
The record shows that this is a medical malpractice case for damages in the total sum of $250,000. Plaintiff alleges that during oral surgery performed by the defendant physician he negligently severed several facial nerves, thereby seriously injuring her.
After filing an answer in which he generally denies negligence, the defendant filed a motion for security for costs under LSA-R.S. 13:4522 which provides:
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the qase may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof.”
In his motion, the defendant alleges that in order to show that he was not negligent he will be compelled to obtain the testimony of expert medical witnesses and to pay or be responsible for their fees and the costs and charges incident to taking their depositions. Plaintiff then lists by name five doctors, two from New Orleans and three from Alexandria, Louisiana. He alleges that the fees of the two doctors from New Orleans will be $150 each and the fees of the doctors from Alexandria will be $100 each and that the notary and transcription fees will be $60 per deposition, for a total of $900.
At the hearing on the motion, counsel for both defendant and plaintiff were present and argued. No witnesses were called and no evidentiary offerings made. The hearing was closed and the motion was submitted and taken under advisement by the judge. At a later date, the judge gave oral reasons and granted the motion ordering plaintiff to post the bond for costs in the sum of $900.
Plaintiff argues that under Romero v. Romero, 232 So.2d 572 (La.App. 3rd Cir. 1970) it was necessary that the defendant introduce evidence at the hearing to show the necessity for and the amount of the security for costs. Our primary reason for granting this writ was to review our holding in Romero. We now conclude that the decision in Romero must be overruled insofar as it can be construed as holding that in every hearing under LSA-R.S. 13:4522 the defendant must introduce evidence to show both the necessity for and the amount of the security for costs requested.
Essentially, we adopt the reasoning of the dissent in Romero, which leaves to the discretion of the trial judge the nature of the showing required of the defendant. It is not necessary that evidence be introduced in every case. It is within the discretion of the trial judge to determine whether the showing required may be *339 made by the allegations in the motion, the arguments of counsel at the hearing, supporting affidavits, introduction of testimony or other evidence, or in any other manner which the trial judge deems appropriate. And the appellate court should not change the ruling of the district judge in the absence of an abuse of his large discretion in such matters.
In the case of Stump v. City of Shreveport, 255 So.2d 210 (La.App.2d Cir. 1971) the court cited Romero but distinguished it on the basis that counsel stipulated during the hearing that a bond in the sum of $1,000 would be sufficient. In Carville v. City of Plaquemine, 303 So.2d 291 (La.App. 1st Cir. 1973) the court also cited Romero for the general proposition that although the statute itself, LSA-R.S. 13:4522, does not expressly require a showing of the necessity for bond for cost, the jurisprudence makes it clear that defendant must make such a showing at the hearing. The decision in Carville states that the ruling of the district court was made on the basis of “the pleadings, the testimony and arguments of counsel”. So apparently testimony was introduced, and the court was not faced with the issue of whether evidence must be introduced in every case.
Although neither the Stump case nor the Carville case uphold the rigid rule that evidence must be produced by the defendant in every case, we wish to state, for the purpose of clarity, that we disagree with any construction of the decisions in these two cases which would support such a rule.
Since the rationale for our decision in the present matter has been fully set forth in the dissent in Romero, we see no need to repeat it here.
Plaintiff-relator makes an additional argument that there is no necessity for defendant to take the depositions of the three doctors from Alexandria since they can be subpoenaed as witnesses at the trial. This argument is expressly rejected in the leading case of Whitson v. American Ice Company, 164 La. 283, 113 So. 849 (1927). See also Romero v. Romero, supra.
For the reasons assigned, the Writ of Certiorari and the Stay Order issued herein on December 15, 1975 are recalled. The order of the district court requiring plaintiff to give security for costs is affirmed, except that the plaintiff, Elsie Carter, is to be allowed an additional ten days from the time this judgment becomes final within which to post the bond in the amount of $900. All costs of this Writ in the appellate court are assessed against the plaintiff-relator. Costs in the district court must await a final determination there.
Writ of certiorari and stay order recalled; order of the District Court affirmed as amended.
MILLER, J., dissents and assigns reasons.