MILLER, Judge
(dissenting).
Under this decision, defendant is required to schedule a hearing in order to establish his need for security for costs, but does not need to present evidence at that hearing. I understand this ruling to mean that the hearing is scheduled to allow plaintiff to present evidence and show that defendant does not need security or as much security as he is requesting for costs. This switches the burden of proof contemplated by the statute and jurisprudence (which require defendant to schedule the hearing). It seems to me that when a party is required to schedule a hearing — that party should have the burden of establishing his need.
This 19 year old plaintiff was required to post a $1,000 cost bond on filing the suit. She has now been ordered to post an additional $900 bond to allow the defendant physician to depose three physicians practicing medicine in the defendant’s home city and two physicians practicing medicine in New Orleans, There is no af *340 fidavit or testimony in this record to indicate the need or cost of getting these depositions. Presumably the five doctors will testify concerning the defense that defendant “at all times exercised the degree of skill ordinarily employed under similar circumstances by the members of his profession in good standing in the same community and/or locality and by members of his profession specializing in the field of oral surgery . .
There was no showing defendant could not obtain statements from these physicians or answers to interrogatories. There was no showing that one or more of these five physicians was in ill health or about to move and could not be expected to testify at trial. There is no showing that all this medical testimony is needed. If depositions of these five are needed (without a line of testimony to establish need), why not ten, fifteen, twenty, or fifty doctors?
I respectfully submit the trial judge's discretion must be exercised “with due regard for the actual necessity for a bond and for the interest or motive of the party demanding it.” Whitson v. American Ice Co., 164 La. 283, at 289, 113 So. 849, at 851 (1927). See Romero v. Romero, 232 So.2d 572, at 574 (La.App. 3 Cir. 1970). To allow the court to make a judgment on these issues, we agree defendant must schedule a hearing. It seems strange that the burden of proof is to be carried by the responding party.
In Romero, we reserved to defendant the right to establish, on proper showing when the necessity may arise, his need for additional costs. Plaintiff relied on that ruling which placed the burden on defendant to establish his need for security.
Now that Romero has been overruled, I would at the very least grant plaintiff another hearing to afford him an opportunity to establish, if he is so disposed and can, that defendant can prepare his defense without all these depositions or that the costs will be less than the $900 which defendant requested.
I respectfully dissent.