DENNIS, Justice.
Plaintiff-relator brought this malpractice suit for damages in the amount of $250,000 against Dr. R. Bruce Phillips and his insurer alleging that during oral surgery he negligently severed her facial nerves. She requested and obtained an order for trial by jury, and in connection therewith furnished a $1,000 cost bond to the clerk of court. Defendants then filed a motion for security for costs as provided by La.R.S. 13:4522. They claimed that a proper defense of the suit would require them to obtain the testimony of expert medical witnesses and assume responsibility for their fees and costs incident to taking their depositions. The amount prayed for in the motion was $900, including fees of $150 each for two doctors from New Orleans, fees of $100 each for three doctors from Alexandria, and the notary and transcription fees of $60 per deposition. Following a hearing at which no testimony or other evidence was offered, the trial court granted the motion and ordered relator to post the bond for costs in the requested sum of $900. The Third Circuit Court of Appeal affirmed. We granted a writ of certiorari to consider whether the court erred in granting the motion without the introduction of evidence by defendants to show the necessity for or the proper amount of the bond for costs.
La.R.S. 13:4522 provides:
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such ease, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof.”
This provision does not relate to the ordinary court costs for which the clerk of court is authorized to demand security. La. R.S. 13:841-43 (and La.R.S. 13:1213-14 in Orleans Parish). Rather, it secures the payment of those expenses incurred by the defendant in defense of the suit which may be taxed as court costs and which the plaintiff may finally be condemned to pay. Among these costs are the items at issue here: the fees of expert witnesses and the costs of taking their depositions, when necessary. Whitson v. American Ice Co., 164 La. 283, 113 So. 849 (1927).
The leading case of Whitson v. American Ice Co., supra, established that the defendant bears the burden under this provision of showing how large a bond is necessary to protect him. However, Whitson did not clarify what sort of “showing” would be required, and this has been the source of some disagreement in the lower courts. See, Romero v. Romero, 232 So.2d 572 (La.App.3d Cir. 1970), and Carter v. Phillips, 325 So.2d 337 (La.App.3d Cir. 1976).
The Romero case suggested that the defendant must support her request for security by introducing evidence at the hearing. Judge Culpepper dissented on the grounds *189 that the defendant’s showing had been made in the pleadings and arguments of counsel. He added:
“I find no authority to support the contention that the word ‘showing’ must be construed in every case to mean that evidence must be introduced.
“I think a ‘showing’ in the present case could be made in several ways. For instance, it could be made by facts alleged in the motion, by supporting affidavits, or by arguments of counsel at the hearing. The nature of the showing required should be left largely to the discretion of the trial judge. We should not limit this discretion by requiring that in every instance evidence must be introduced.” 232 So.2d 572, at 576.
In the instant case, Judge Culpepper’s view prevailed and Romero was overruled “ * * * insofar as it can be construed as holding that in every hearing under LSA-R.S. 13:4522 the defendant must introduce evidence to show both the necessity for and the amount of the security for costs requested.” Carter v. Phillips, 325 So.2d 337, at 338.
We agree that it is within the discretion of the trial judge to determine whether the showing required may be made by the allegations in the motion, supporting affidavits, the arguments of counsel at the hearing, introduction of evidence, or in any other manner which the trial judge deems appropriate. However, we feel that the trial judge abused his discretion here in accepting as a showing the allegations in the motion and perhaps argument of counsel. There is no indication in the record that the trial judge exercised his discretion “with due regard for the actual necessity for a bond and for the interest or motive of the party demanding it.” (Emphasis added). Whitson v. American Ice Co., 113 So. 849, 851. We are not convinced by the bare pleadings that the defendant needed the testimony of five expert witnesses in order to properly defend his suit. Nor is it clear why the defendant must take the depositions of the three doctors from Alexandria rather than subpoenaing them as witnesses at the trial. We do not mean to suggest that the arguments of counsel may never suffice as a showing. However, in this case, the arguments made at the hearing were not transcribed and made part of the record, and we cannot presume on review that they were adequate.
The order of the district court requiring the plaintiff in this case to furnish security for $900 of court costs is annulled, reserving to the defendant the right, on a proper showing, to demand, now or whenever the necessity may arise, security for any court costs which the defendant may actually have to incur or be responsible for in advance of a final judgment condemning either party to pay such costs.
Cost bond annulled; case remanded.