SARTAIN, Judge.
This suit involves the liability of a husband, individually and as head and master of the community, for attorney’s fees incurred by the wife.
Robert L. Raborn (Intervenor) represented Mrs. Clara Christine Green Donica in two suits (Nos. 31,706 and 31,210) in The Family Court for the Parish of East Baton Rouge. Suit No. 31,706, Glen I. Donica against his wife, was dismissed. In Suit No. 31,210, Mrs. Donica against her husband, judgment therein was signed on April 18, 1975 decreeing a divorce between the parties and fixing attorney’s fees incurred by her in the sum of $750.00.
The present action was instituted on June 5, 1975 by Intervenor on behalf of Mrs. Donica and seeks a judicial partition of the property formerly belonging to and forming a part of the community of acquets and gains that existed between Mr. and Mrs. Donica.
On January 27, 1976, Mrs. Donica entered into a retainer fee agreement with Interve-nor and in connection therewith she executed a promissory note in the amount of $500.00 payable to Intervenor as an advance against his fee.
On June 14, 1976, Mrs. Donica discharged Intervenor as her attorney. On June 21, 1976, Mr. Raborn filed the present intervention wherein he seeks to be recognized as a creditor of the community for legal services rendered by him in both of the Family Court suits and for the sum allegedly due him for his representation of her in the present action, which includes the $500.00 note.
Mr. and Mrs. Donica filed similar exceptions of no right of action to the intervention claiming, (1) that an original judgment obtained by Intervenor against Mr. Donica has been set aside and is therefore no longer viable, 334 So.2d 471 (La.App. 1st Cir. 1976), writ refused 338 So.2d 111 (La.1976); (2) that the fee owed by Mrs. Donica in the present action, including the note, is not a community obligation, and (3) that Mr. Do-nica is not personally liable for any of the above.
The trial judge, by judgment signed on October 21, 1976, sustained the exception insofar as Intervenor’s claim on the note is concerned and overruled the exception as to the liability of the community for attorney’s fees and costs incurred by Mrs. Donica in Suit No. 31,210.
*1261 Intervenor has appealed claiming that the trial judge erred in dismissing his claim for services rendered to Mrs. Donica in Suit No. 31,706 and for dismissing his right to proceed for services rendered in the present action, and for not holding Mr. Donica as personally liable for these charges. Mr. and Mrs. Donica have answered the appeal seeking a declaration to the effect that the community alone is responsible for the attorney’s fees incurred in the two Family Court suits and for damages against Inter-venor for a frivolous appeal.
The issues thus presented are (1) what is the liability of Mr. Donica, and (2) what is the liability of the community.
We construe the law to be settled to the effect that a husband is not individually liable for attorney’s fees incurred by the wife in a suit that dissolved the community of acquets and gains that formerly existed between himself and his wife. Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1956); Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972); McAdams v. McAdams, 267 So.2d 908 (La.App. 1st Cir. 1972); and Guillory v. Guillory, 339 So.2d 529 (La.App. 4th Cir. 1976).
In Tanner, above, the court reviewed in detail the jurisprudence and stated:
“The above cited cases, particularly the early ones in which the doctrine was developed (except Tucker v. Carlin [14 La.Ann. 734]), clearly disclose a view on the part of the court that in the public interest the husband, as head and master of the community, should be condemned to pay for the services rendered to the wife in prosecuting a suit for separation from bed and board or divorce, as well as for a settlement of the community, even though there is no specific provision in the statutory law providing for such liability. And while the language used in the opinions has occasionally been rather loose in referring to the claim for her attorney’s fees as a ‘community obligation or debt’, generally speaking it carries the definite implication that, in the creation of the obligation, the intention was that such claim be acquitted only out of the assets of the community. In so condemning the husband as head and master of the community, in other words, the court has not considered the obligation as a debt for which the husband’s separate property would be liable in the event that the community had no assets. In effect, the holdings have been that the wife, or her attorney, may look to the assets of the community for payment of the attorney’s fees, and that if the community did not acquire and own any property there is no liability on the part of the husband separately. (Emphasis added)
“Our stated interpretation of the cited cases is fortified by the decision in Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794, 795, in which the wife, as plaintiff in reconvention, was successful in her demand for a separation from bed and board. In the action she had also sought attorney’s fees, and under the jurisprudence discussed above she would have been entitled to an award therefor except for the fact that the community had no assets. In denying the claim the court said: ‘ * * * It is, of course, settled that, in a suit in which a wife obtains a judgment of divorce of separation from bed and board, her attorney’s fee is a community debt. * * * Accordingly, since the community (if any) was dissolved by the judgment of separation from bed and board, Article 136, LSA-Civil Code, this attorney’s fee is payable out of it. However, there was no personal liability on the part of the husband for this debt other than as head and master of the community, which is now dissolved. It is evident that the judge in the instant case was of the opinion that there was no community property and, hence, no liability for the attorney’s fee.’ ”
Thus we hold that the husband is not individually liable for the attorney’s fees incurred by his wife in either a suit for a separation or a divorce, but that such fees must be satisfied out of the assets of the community. C.C. Art. 155.
We think the trial judge erred if his ruling is to be construed to the effect *1262 that intervenor can not assert against the community a claim for legal services rendered to Mrs. Donica in Suit No. 31,710 of the Family Court, above, which suit was dismissed. In a suit for a separation or a divorce, where the wife is either unsuccessful or the suit does not go to judgment, her attorney’s fee is a charge against the community. Since the wife is still in community with her husband and can not sue him, the attorney has a cause of action against the husband as head and master of the community to recover his fee. The award must be based on quantum meruit because the wife can not bind the community to a contracted fee. This has been the law since Gosserand v. Monteleone, 164 La. 397, 113 So. 889 (1927). See Parker, Seale & Kelton v. Messina, 214 La. 203, 36 So,2d 724 (1948); and Barranger, Barranger & Jones v. Farmer, 289 So.2d 295 (La.App. 1st Cir. 1973).
Intervenor relies heavily on Courtin v. Lenz, 42 So.2d 882 (Orl.App.1949), which specifically held that a husband was personally liable for attorney’s fees incurred by his wife in a suit that dissolved the community and where there were no community assets. We consider this case to have been overruled by the Glorioso and Tanner cases, above.
The cases which have held the husband, as head and master of the community, liable for his wife’s attorney’s fees (Gosserand, Messina and Farmer, above), are not applicable here. In the cited cases the community was not dissolved and the earnings of the husband, out of which the obligation was to be acquitted, remained as a community asset. In the case at bar, the community has been dissolved and there are sufficient assets to satisfy Intervenor’s claim. Nonetheless, these, claims for Mrs. Donica’s attorney’s fees must be satisfied out of and limited to the assets of the community.
We find that the ruling of the trial judge is correct in sustaining the exception of no right of action insofar as the same pertains to Intervenor’s claim for services rendered to Mrs. Donica in the present suit. In this connection it must be noted that the instant cause is not a matter incidental to a suit for a separation or a divorce, it is a suit between co-owners for the partition of property now held in common by them. The community that previously existed between Mr. and Mrs. Donica is not liable; Mr. Donica, as the former head and master of that community, is not liable. The obligation owed Intervenor is the separate debt of Mrs. Donica.
The claim for damages for frivolous appeal urged by appellee is rejected.
Accordingly, the judgment of the trial court is amended to hold that attorney’s fees incurred by Mrs. Donica in both Family Court suits are obligations to be satisfied out of the assets that formed a part of the community of acquets and gains that previously existed between the parties; that Mr. Donica is not personally liable; and, the obligation of Mrs. Donica to Intervenor for attorney’s fees in connection with the present suit is declared to be the separate obligation of Mrs. Donica. In all other respects, the judgment appealed is affirmed. All costs of this appeal are to be borne one-third by Intervenor, one-third by Mr. Donica, and one-third by Mrs. Donica. All other costs are to await a final determination on the merits.
AMENDED AND AS AMENDED AFFIRMED.