JONES, Judge.
Plaintiff-husband, William C. Vines, Sr., sued defendant-wife, Virginia M. Vines, for a separation from bed and board. Defendant moved for an order that plaintiff be required to provide security for costs in the amount of $1,886.00. This amount was al *1221 leged to be the sum which defendant will be compelled to pay for three depositions, notary public fees, the fees due the clerk for certain filings, and attorney’s fees. The trial court ordered plaintiff to post bond in the above amount, and plaintiff applied to this court for writs, complaining the bond should not have been ordered. Writs were granted.
The issue is whether the bond for security for costs was correctly ordered.
Defendant claims her right to require plaintiff to post such a bond is granted by L.R.S. 13:4522 and 9:303. L.R.S. 13:4522 provides as follows:
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. * * * ”
The source of this statute is Act 111 of 1926 and this act was construed in Whitson v. American Ice Co., 164 La. 283, 113 So. 849 (1927), wherein it was stated at p. 850:
“. . . the defendant in a lawsuit is not concerned with securing the payment of any of the court costs except those which he may be responsible for without being condemned therefor by the judgment of the court. A defendant may have to employ, and pay or be responsible for the fees of, expert witnesses, auditors, surveyors, or other scientists, whose services or opinions may be needed in defense of the suit; and their fees may be taxed as part of the costs of court, which the plaintiff may finally be condemned to pay. Code of Practice, art. 462; Act 19 of 1884, p. 25. A defendant may also find it necessary to take the depositions of witnesses under commission, and may have to pay in advance or be responsible for the notary’s fees or other expenses which may be taxed as costs of court and which the plaintiff may ultimately be condemned to pay. As to such court costs alone — which the defendant may have to pay or be responsible for in advance of a judgment determining who shall pay the costs — the Act 111 of 1926 is applicable. It is not applicable to the court costs generally, which the defendant in a case is not at all responsible for unless and until he is finally condemned to pay them. Security for the payment of such costs, in the parishes other than the parish of Orleans, is provided for in the fifth section of the Act 203 of 1898, p. 490, [our L.R.S. 13:843], which allows the clerk of court or the sheriff to demand of the plaintiff security for costs at the time of filing the suit, and to demand additional security at any time thereafter . . . ”
Romero v. Romero, 232 So.2d 572 (La.App. 3d Cir. 1970), states that L.R.S. 13:4522 requires a bond only for those necessary expenses which a defendant may have to pay in advance of a judgment deciding who shall pay costs and which plaintiff may ultimately be condemned to pay. Given as examples as proper costs for which a L.R.S. 13:4522 bond may be required are the fees of expert witnesses, necessary depositions of witnesses, and certain notary public fees which may be taxed as court costs. Romero recognized the costs for which the clerk of court may demand payment or security are not those which defendant can demand be covered in a L.R.S. 13:4522 bond. L.R.S. 13:843 provides as follows:
“The clerk of court may demand security for costs at the time the suit is filed.
After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor, or by the surety on any bond for costs furnished by him, upon receipt of the clerk’s demand for payment thereof supported by an itemized account of these accrued costs approved by the judge. If these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party, and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendants in rule and *1222 the clerk may employ an attorney at law to assist him in filing and trying said rule or rules, and the fee of the attorney employed for that purpose shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of hearing the rule.”
Carter v. Phillips, 337 So.2d 187 (La.1976), makes it clear that L.R.S. 13:4522 does not relate to the ordinary court costs for which the clerk of court is authorized by L.R.S. 13:843 to demand security. The supreme court in Carter re-enunciated the rule that the costs for which a bond may be demanded under L.R.S. 13:4522 are for those expenses incurred by the defendant in defense of the suit which may eventually be taxed as court costs and which the plaintiff may finally be condemned to pay.
Under the jurisprudence interpreting L.R.S. 13:4522 it is clear that defendant has no right to demand a bond to secure the court costs of filing various pleadings listed by her in her motion. These are the type costs for which the clerk of court may demand plaintiff to pay or post security to assure payment under the provision of L.R.S. 13:841-843, but are not the kind included in § 4522 for which defendant may demand a bond. That part of the order requiring plaintiff to post a bond for $136.00 for filing costs is therefore incorrect.
 Defendant also asked for the bond to cover $1,500.00 as attorney’s fees. The general rule is that attorney’s fees cannot be recovered from the opposing litigant unless provided for by statute or contract. See Sutterfield v. Sutterfield, 354 So.2d 707 (La.App. 4th Cir. 1978), and cases cited therein. Attorney’s fees are not recoverable as costs unless provided for by statute. An example of this type authorization is contained in LSA-C.C.P. arts. 5091[1] and 5096 [2].
An example of statutory authorization for attorney’s fees is contained in L.R.S. 42:261(E) wherein a public official is authorized to collect attorney’s fees from an unsuccessful plaintiff who sues him relating to “matters arising out of the performance of the duties of his office”. This statute further provides for bond to secure payment of the attorney’s fee which bond is similar to that provided for court costs under L.R.S. 13:4522. L.R.S. 42:261(E) provides:
“. . . The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorney’s fees before proceeding with the trial of said cause.”
There is no statute authorizing a wife or husband in a separation or divorce action to collect attorney’s fees from the other, nor is there any statute requiring security for such attorney’s fees.
 While attorney’s fees of the husband and wife incurred in suits for separation and divorce have been construed as community debts, the party litigants in these cases are not personally responsible for the payment of the attorney’s fees of their adversary beyond the requirement that the assets of the community existing between them can be held responsible for these attorney’s fees. Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1956); Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972); Donica v. Donica, 347 So.2d 1259 (La.App. 1st Cir. 1977). The concept of attorney fees being considered a community debt in sepa *1223 ration and divorce litigation cannot be considered as indicating that attorney fees of the defendant in a separation of bed and board suit could be construed as an item of court costs for which the plaintiff could be required to post bond under the provisions of L.R.S. 13:4522. That part of the order requiring plaintiff to post a bond for $1,500.00 as attorney’s fees is therefore incorrect.
The defendant in her pleading styled “Motion For Order For Cost”, wherein the bond herein complained of was requested, sought same not only under the provisions of L.R.S. 13:4522, but also under the provisions of L.R.S. 9:303 which reads as follows:
“In actions for divorce and separation from bed and board, a defendant, upon a proper showing to the court, may obtain an order requiring the plaintiff to deposit with the clerk of court for defendant’s account, a sum sufficient to defray defendant’s costs and, after rendition of such an order, no further proceedings shall be had by plaintiff pending compliance therewith and for ten days after such compliance with said order.”
We have found no case interpreting this statute. The statute does not provide authority for any bond as security for cost such as was herein ordered, but rather it grants to a defendant in a separation or divorce action upon proper showing to the court a right to obtain an order requiring “the plaintiff to deposit with the clerk of court for defendant’s account a sum sufficient to defray defendant’s costs.” This statute gives to the defendant in a separation and divorce action a right not available to a defendant in other litigation, that is to require a deposit of money by the plaintiff with the clerk to cover those fees and costs for services of the clerk required by defendant in connection with his defense of the litigation, and which cost the defendant would not ordinarily be required to pay. See Whitson v. American Ice Co.; Romero v. Romero; Carter v. Phillips, supra, which have all held that the right to require plaintiff to pay clerk’s costs belongs solely to the clerk. In referring to “defendant’s costs”, the statute refers to clerk’s costs and not to other expenses such as deposition costs, expert witness fees, and attorney’s fees, that may be incurred by a defendant in the course of litigation.
The language of the court in Whitson was “that the defendant in a lawsuit is not concerned with securing the payment of any of the court costs except those which he may be responsible for without being condemned therefor by the judgment of the court.” The Whitson court was pointing out that normally a defendant has no interest in whether the clerk’s costs are paid until such time as a final judgment is rendered and he is adjudged liable for these costs.
We do not agree with the contentions of defendant in brief nor with the opinion of the trial judge expressed in his per curiam herein filed that L.R.S. 9:303 was designed to make the defendant’s attorney fee an item of clerk’s costs for which the defendant could require plaintiff to deposit money with the clerk of court for defendant’s account, nor did it have the effect of, in some fashion, creating defendant’s attorney fee as an item of court costs for which she could demand security under the provisions of L.R.S. 13:4522. There is not one word in L.R.S. 9:303 to justify such an interpretation. There would be no reason for the legislature to require a deposit with the clerk to secure the payment of defendant’s attorney’s fees by the plaintiff when the plaintiff has no personal liability for them.
We believe that the reason for the exception to the rule that defendant cannot require security for clerk’s costs provided for defendants in separation and divorce suits is because in these cases court costs incurred including those of the clerk of court which are covered by the provisions of L.R.S. 13:841-843 become community debts where there are assets of the community existing between the litigants. Under these circumstances the defendants are vitally interested in payment of these costs for the reason that whatever results may follow from the litigation the community *1224 property in which defendant has an interest will be responsible for payment of the debt. See Tanner, Malone and Donica, supra. This would be true even though the defendant might win the separation or divorce action and not be personally cast for the cost.
The defendant herein would have been entitled to an order from the district court under the provisions of L.R.S. 9:303 requiring plaintiff to deposit with the clerk the $136.00 required to file her pleadings. However, no such order was rendered and we only make this observation because this would be the proper approach for the defendant to take in order to take advantage of the statute.
The defendant is entitled to the bond as security under the provisions of L.R.S. 13:4522 for possible reimbursement of her deposition expenses which she established by affidavit to be $250.00.
For the reasons hereinabove set forth the trial court’s order requiring the bond be posted in the amount of $1,886.00 is amended to reduce the bond requirement by $1,636.00, resulting in the bond requirement now being the sum of $250.00.
All costs of this writ application are assessed against the defendant.

. C.C.P. art. 5091 in pertinent part provides:
“The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
(a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance.
All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him.”

. C.C.P. art. 5096 in pertinent part provides: “The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court." [our emphasis]