STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2025 CA 0340

DEBORAH DENISE SHARP

VERSUS

NICOLE TUSA TEMPLET &
TEMPLET LAW OFFICE, LLC

Judgment Rendered: **NOV 0 7 2025**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 717,934

The Honorable Tarvald A. Smith, Judge Presiding

* * * * *

Zara Zeringue                     Attorneys for Plaintiff-Appellant,
Kathleen Legendre                 Deborah Denise Sharp
Covington, Louisiana

Marc D. Moroux                    Attorney for Defendants-Appellees,
Lafayette, Louisiana              Nicole Tusa Templet and
                                  Templet Law Office, LLC

* * * * *

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

This appeal involves the proper statutory interpretation of La. R.S. 13:4522, which authorizes a trial court, on a defendant's demand, to require the plaintiff to give security for costs. The plaintiff's legal malpractice lawsuit was dismissed for failure to post a $25,000.00 bond for security for costs within the time fixed by the trial court. For the following reasons, we affirm the dismissal without prejudice.

## BACKGROUND

In this legal malpractice action, Deborah Denise Sharp, brought suit on April 19, 2022, against Nicole Tusa Templet and Templet Law Office, LLC (collectively "Templet"). Ms. Sharp alleged that Templet caused her damages by negligently representing her in connection with a separate domestic matter involving child custody, support, and community property.[1] On November 23, 2022, before any other pleading was filed in response to Ms. Sharp's malpractice lawsuit, Templet filed a motion to set bond for security for costs, seeking $30,000.00 pursuant to La. R.S. 13:4522, which pertinently provides:

> The **defendant before pleading in all cases may by motion demand and require the plaintiff ... to give security for the cost** in such case, and **on failure to do so** within the time fixed by the court such suit ... **shall be dismissed** without prejudice. (Emphasis added.)

Templet asserted in its memorandum in support of the motion that it would expend substantial funds securing expert opinion and discovery to defend Ms. Sharp's legal malpractice claim.

A few days later, on November 29, 2022, Templet filed a dilatory exception raising the objection of vagueness or ambiguity in Ms. Sharp's petition. Ms. Sharp opposed both the motion to set bond and the exception. After a hearing on April 6, 2023, the trial court granted Templet's motion to set bond, stating:

---

[1] The underlying suit was captioned *William Evans Russell v. Deborah Denise Sharp*, No. F216548, Div. C, in the Family Court for East Baton Rouge Parish.

> IT IS HEREBY ORDERED that the Motion to Set Bond for Security for Costs filed on behalf of [Templet] be and is hereby **GRANTED** and that [Ms. Sharp] post a $25,000[.00] bond for security for costs with the East Baton Rouge Parish Clerk of Court in this captioned matter within thirty (30) days of the date this Judgment is signed, subject to dismissal of all [Ms. Sharp's] claims against [Templet] in the event that [Ms. Sharp] fails to comply with this Judgment. (Underlining added for emphasis.)

The trial court signed the judgment ordering the bond for costs on April 20, 2023, giving Ms. Sharp until May 20, 2023, to post the court-ordered $25,000.00 bond. Ms. Sharp did not appeal that judgment.[2]

On May 16, 2023, in an apparent attempt to timely comply with the trial court's judgment ordering the posting of a bond for security for costs, Ms. Sharp filed an affidavit executed on her own behalf into the trial court record. The affidavit, prepared and notarized in the state of Maryland, stated, in pertinent part:

> **KNOW ALL PERSONS BY THESE PRESENTS**, that I, [Ms. Sharp], ... am firmly bound unto the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in the full sum of any judgment for costs entered against me in Case No. 717,934 ... up to the sum of $25,000[.00], pursuant to the April 20, 2023, *Judgment on [Templet's] Motion to Set Bond for Security for Costs*, which I promise to pay into the registry of the Court, if and only if I am finally adjudged to pay such, and only up to the sum of $25,000[.00], in a final judgment rendered by said court.
>
> **AND FURTHER, KNOW ALL PERSONS BY THESE PRESENTS** that I, [Ms. Sharp], pursuant to La. C.C. arts. 3141-3167, do assign and pledge $25,000[.00] of my interest in the Northwest Mutual SEP Account ..., awarded me in the May 11, 2021, *Judgment* rendered by the 19th Judicial District Court for the Parish of East Baton Rouge, in Case No. F216,548 [the underlying Family Court matter], as security for the performance of my contingent obligations herein. (Underlining added for emphasis.)

---

[2] While the trial court heard argument on Templet's exception of vagueness or ambiguity on the same day as the motion to set bond, the trial court's judgment on the exception was not signed until July 17, 2023. In that judgment, the trial court granted the exception and ordered Ms. Sharp to amend her petition within thirty days, subject to dismissal if not done. Ms. Sharp timely filed an amended petition on August 16, 2023, which Templet objected to in a second exception of vagueness or ambiguity. Templet filed an answer to the amended petition on October 2, 2023. The exception and the trial court's judgment on the exception are not at issue in this appeal.

The affidavit was notarized on May 15, 2023, and contained a statement by the notary that Ms. Sharp, "who after first being sworn, deposed and said that she does freely and voluntarily post this surety bond pursuant to the April 20, 2023 *Judgment on [Templet's] Motion to set Bond for Security Costs*."

On October 2, 2023, Templet filed a motion to dismiss Ms. Sharp's legal malpractice lawsuit, asserting that Ms. Sharp had not posted the $25,000.00 bond as ordered by the trial court. Templet maintained that instead of a surety bond, Ms. Sharp posted an affidavit-style document, which was merely a self-serving and conditional "promise to pay" that purported to assign and pledge her interest in a Northwest Mutual SEP account as security for her promise to pay. Templet further argued that Ms. Sharp's promise to pay was for a sum "up to $25,000.00" into the registry of the court "if and only if she is finally adjudged to pay such sum."

In support of its motion to dismiss, Templet offered three exhibits: the original motion to set bond for security for costs; the April 20, 2023 judgment ordering the posting of the bond; and the May 15, 2023 affidavit executed by Ms. Sharp. Templet sought dismissal of Ms. Sharp's lawsuit against it, without prejudice, pursuant to the language in La. R.S. 13:4522 mandating dismissal when a bond is not posted by the court-imposed deadline. Ms. Sharp filed an opposition to Templet's motion to dismiss on February 8, 2024, and offered her May 15, 2023 affidavit as evidence of her compliance with the trial court's April 20, 2023 judgment requiring her to "secure the contingent liability for $25,000[.00] of [Templet's] possible litigation costs." Ms. Sharp argued that La. R.S. 13:4522 requires the plaintiff "to give security" for costs, which is what she did by pledging her "interest in a well-funded" investment account.

After a hearing on October 21, 2024, the trial court signed a judgment on November 18, 2024, granting Templet's motion to dismiss and dismissing Ms. Sharp's legal malpractice action against Templet without prejudice. In determining

the outcome, the trial court focused on the clear language of the April 20, 2023 judgment requiring Ms. Sharp to post a $25,000.00 bond as security for costs, with the penalty for failure to do so being dismissal of the lawsuit. The trial court also found that the affidavit filed by Ms. Sharp was not a bond, but was a "conditional" promise to pay "if and only if" Ms. Sharp is finally adjudged to pay costs and "only up to the sum of $25,000[.00]" rendered in a final judgment.

Ms. Sharp appeals the trial court's November 18, 2024 judgment and assigns three errors: (1) the trial court erred in finding her "bond" was insufficient; (2) the trial court erred in finding her "bond" was incurable; and (3) the trial court erred in dismissing her lawsuit because Templet waived its right to a bond for security by filing other pleadings before the bond for costs was set by the trial court.

## LAW AND ANALYSIS

The relevant facts are not in dispute. The issue before us is the correct application of La. R.S. 13:4522 to the undisputed facts. The proper interpretation of a statute is a question of law, which is reviewed by an appellate court under the *de novo* standard of review. **Land v. Vidrine**, 2010-1342 (La. 3/15/11), 62 So.3d 36, 39, *citing* **Louisiana Municipal Association v. State**, 2004-0227 (La. 1/9/05), 893 So.2d 809, 836-837. Pursuant to this standard of review, we render judgment on the record, without deference to the legal conclusions of the trial court. **Id**. The interpretation of a statute starts with the language of the statute itself. **Bergeron v. Richardson**, 2020-01409 (La. 6/30/21), 320 So.3d 1109, 1111. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written with no further interpretation made in search of the legislature's intent. **Id**.; La. Civ. Code art. 9; and La. R.S. 1:4.

Almost fifty years ago, the Louisiana Supreme Court explained the meaning of the requirement of the advance posting of security for costs pursuant to La. R.S. 13:4522 in **Carter v. Phillips**, 337 So.2d 187, 188 (La. 1976). The supreme court

stated that the advance posting of security for costs "secures the payment of those expenses incurred by the defendant in defense of the suit which may be taxed as court costs and which the plaintiff may finally be condemned to pay." **Id.** It is imperative to point out that Ms. Sharp did not seek a supervisory writ or an appeal of the trial court's initial judgment ordering that she post a "bond" for security, nor did she question the necessity of the bond or the amount of the bond. Instead, she now argues that the conditional assignment of her interest in an investment fund as a pledge is sufficient to meet the trial court's order requiring her to post a bond of $25,000.00 for security for costs. We disagree.

The trial court has discretion in determining the necessity and the amount of security for costs once demanded by the defendant. See **Carter**, 337 So.2d at 189. It logically follows that the trial court also has discretion to determine the type of security required, which in this case was a "bond" for $25,000.00. Ms. Sharp's affidavit containing a "promise to pay ... if and only if" she is cast in judgment and to pay "only up to the sum of $25,000[.00]" is facially inadequate relative to the "$25,000[.00] bond for security" amount fixed by the trial court. Therefore, we find that the document filed by Ms. Sharp constitutes a fundamental failure to post the bond for security as ordered by the trial court. The trial court did not err in determining that Ms. Sharp's affidavit-type document containing a conditional promise to pay did not satisfy the judgment ordering a $25,000.00 bond for security.

We also find no merit in Ms. Sharp's contention that the trial court should have allowed her to cure the insufficient security she offered. The statute clearly outlines the consequence for failure to give security as ordered by the trial court's deadline. That consequence is "dismissal without prejudice." Louisiana Revised Statutes 13:4522 actually provides that upon a plaintiff's failure to give security for costs within the time fixed by the court, the suit "shall be dismissed without prejudice." The word "shall" in a statute denotes a mandatory duty. See **Sanchez**

**v. Georgia Gulf Corp.**, 2002-1617 (La. App. 1st Cir 8/13/03), 853 So.2d 697, 704. Thus, while the trial court has discretion in determining whether a security bond is necessary and in fixing the amount of the security bond, once the order to post a security bond is issued and the amount is set, and no security bond is forthcoming, the trial court is required under the statute to dismiss the plaintiff's action. **Clarkston v. Funderburk**, 2016-681 (La. App. 3rd Cir. 2/1/17), 211 So.3d 509, 517, writ denied, 2017-0403 (La. 4/13/17), 218 So.3d 631. We find no error on the part of the trial court in following the statute's mandate to dismiss Ms. Sharp's suit without prejudice rather than giving her an opportunity to cure her defective filing. Dismissing a lawsuit without prejudice because the plaintiff is unwilling or unable to post a bond for security for costs protects both defendants and the justice system from meritless suits. See **Bergeron**, 320 So.3d at 1114.

In her final assignment of error, Ms. Sharp argues that Templet waived its right to demand security for costs by answering her petition before filing its motion to set bond for security. However, our *de novo* review of the record reveals that Templet timely filed its motion to set bond for security on November 23, 2022, prior to filing its first pleading, the exception of vagueness/ambiguity, on November 29, 2022, and its answer on October 2, 2023. Louisiana Revised Statutes 13:4522 only allows a defendant to file a motion to set bond for security "before" pleading. A "pleading" includes petitions, exceptions, written motions, and answers. See La. Code Civ. P. art. 852. Furthermore, we note that Ms. Sharp did not raise the issue of waiver in the trial court. Appellate courts generally do not consider issues raised for the first time on appeal and issues that were not addressed by the trial court. See **Council of City of New Orleans v. Washington**, 2009-1067 (La. 5/29/09), 9 So.3d 854, 856. See also La. U.R.C.A. Rule 1-3. Thus, we decline to further discuss Ms. Sharp's arguments relative to waiver.

## CONCLUSION

For the stated reasons, we affirm the trial court's November 18, 2024 judgment. All costs of this appeal are assessed to plaintiff-appellant, Deborah Denise Sharp.

**AFFIRMED.**